Felix **CHICO VELEZ**, Plaintiff,

v.

**ROCHE PRODUCTS INC.**, Defendant.

Civil No. 96–2661(SEC).

United States District Court,
D. Puerto Rico.

July 11, 1997.

Francisco R. González–Colón, F.R. González Law Office, Santurce, PR, for Plaintiff.

Rafael F. Aguilo–Vélez, Schuster, Usera, Aguilo & Santiago Law Offices, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss filed by defendant Roche Products, Inc. (**Docket # 4**). Upon careful consideration of the parties' arguments and the applicable law, defendant's motion to dismiss is **GRANTED.**

### Factual Background

According to his complaint, plaintiff Felix Chico Velez ("Mr. Chico Velez") worked for defendant Roche Products, Inc. for seventeen years since 1976. During the last nine (9) years he worked as a supervisor in the chemical production area. Mr. Chico Velez performed duties related to the supervision of the manufacturing production area. Plaintiff claims that he suffered severe injuries from his accidental contact with a chemical, Dimethyl Sulfate, used in the preparation of a product. Pursuant to this contact, he developed a series of blisters on his face and on his right foot. He also developed a rash on his genital area.

After several attempts to ascertain an accurate diagnosis from medical personnel at his company, a physician diagnosed him with "Candidiasis." Pursuant to his doctor's recommendation, defendant requested a transfer from the chemical production plant to avoid aggravation of the skin infection. His supervisor rejected his request and forced plaintiff to remain in his office at the Chemical plant area, where he continued to be exposed to chemical agents that worsened his skin condition. He was also divested of supervisory duties at the manufacturing plant.

Plaintiff also alleges he was subject to ridicule and continuous harassment by his supervisors during this period. He was also berated for his political affiliation, which allegedly contributed to his dismissal. On April 15, 1994, he received a letter of termination from his employment. Plaintiff alleges that such refusal to transfer him from the chemical plant constituted a violation of the A.D.A. and that his discharge constituted an unjustified dismissal in violation of Law 80, 29 L.P.R.A. § 185a et seq. His complaint also contains several causes of actions pursuant to Commonwealth Law, which allege libel, political discrimination and retaliation for complaining about safety procedures within the plant.

On February 28, 1997, defendant filed a motion to dismiss for lack of jurisdiction. (**Docket # 4**) Defendant alleges, in essence, that plaintiff's complaint was untimely filed after the dismissal of a prior complaint. In order to elucidate the present dispositive motion, a brief account of the procedural history of the case is required.

On August 15, 1995, plaintiff Chico Velez filed a civil action before the district court, civil number 95–2029(JAF), pursuant to the Americans with Disabilities Act ("ADA") and Title VII of Civil Rights Act of 1964. Plaintiff amended the complaint twice. On October 20, 1995, defendant filed an answer to the second amended complaint. (Docket # 4, Exhibit 1) On April 24, 1996, defendant served plaintiff with a first set of interrogatories and a first request for production of documents. Plaintiff did not comply with these discovery requests. On May 21, 1996 plaintiff's counsel at the time, counsel Maricarmen Almódovar, filed a motion to withdraw as plaintiff's legal counsel for "reasons protected under the attorney-client privilege." Id., Exhibit 2.

On June 12, 1996, the Court granted counsel Almodovar's request to withdraw as plaintiff's legal counsel. The Court advised plaintiff that he must appoint counsel and appear prepared for the July 12, 1996 Pretrial Conference or the cause would be dismissed. Id., Exhibit 3. On July 3, 1996, plaintiff, in a *pro se* appearance, requested a 60–day extension of time to retain counsel. Id., Exhibit 4. On July 9, 1996, the Court granted plaintiff's request for an extension of time but "limited to 30 days." The Court also reset the Pretrial conference for August 14, 1996 and added that "[c]ounsel must be retained and appear ready to participate in

the pretrial." Id. On July 26, 1996, defendant filed a motion informing the Court that plaintiff had not complied with any of defendant's discovery requests and therefore defendant was not in a position to file a full Pretrial Report.

On August 1, 1996, plaintiff filed a motion requesting a second extension of time to appoint counsel and further requesting that the date for the Pretrial conference be set aside. Id., Exhibit 5. On August 13, 1996, plaintiff's request for a second extension of time was denied. The Court noted that it "had granted ample time to movant." Id., Exhibit 7. On August 14, 1996 the Pretrial conference could not be held as plaintiff appeared *pro se* and asked the Court once again for an additional term to retain counsel. On August 15, 1996, the Court entered an order granting plaintiff a final 10 day extension of time "to conclude the issue of his legal representation. Mr. Chico Velez was informed that if he fails to retain counsel or if counsel fails to make an appearance, the case will be dismissed without prejudice." The Court set a final deadline of August 26, 1996, that is, a date on which more than one year would have passed from the filing of the case. Id., Exhibit 8. On September 19, 1996 after plaintiff again failed to retain counsel, the Judge Fusté entered judgment dismissing the complaint. Id., Exhibit 9.

On December 27, 1996, ninety-seven (97) days after the dismissal of his first complaint, plaintiff filed the present civil action. Although his new complaint includes additional claims, the new claims allege new causes of actions which can only be entertained by this Court under supplemental jurisdiction. The federal question which confers subject matter jurisdiction upon this Court is the claim filed pursuant to the A.D.A. We must determine first whether plaintiff may properly invoke federal jurisdiction in the present case.

### Filing Procedures

Pursuant to § 12117(a) of the A.D.A., 42 U.S.C. § 12117(a), any person alleging discrimination on the basis of disability is entitled to the remedies, and must abide by the procedures, set forth by § 2000e–5 of Title VII. Therefore, a civil action under the A.D.A. must be filed at the pertinent United States District Court within 90 days of receipt from the Equal Employment Opportunity Commission (EEOC) of the authorization to litigate or "right to sue" letter. *See* 42 U.S.C. § 2000e–5; 29 C.F.R. § 1601.28(d). *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

### Failure to Comply with the 90–day Filing Period Bars the Corresponding Civil Action

The 90–day filing period is not a jurisdictional requirement; rather, it resembles a statute of limitations. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Accordingly, failure to file the complaint before the United States District Court within 90 days of receiving the right-to-sue letter precludes the corresponding civil action. The only exception to this bar is when equitable factors merit the tolling the 90–day period. However, the First Circuit has held that courts must "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Rys v. U.S. Postal Service,* 886 F.2d 443, 446 (1st Cir.1989); *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 185 (1st Cir. 1989).

Moreover, the Supreme Court has limited the equitable tolling of Title VII statute of limitations requirements essentially to situations where (1) the claimant lacks actual or constructive notice of the filing requirement; (2) a court has led a plaintiff to believe that he has done all that its required of him; (3) affirmative misconduct on the part of the defendant lulled the plaintiff into inaction; and (4) situations where a timely motion for appointment of counsel is pending before the court. *Baldwin County Welcome Center v. Brown,* 466 U.S. at 151, 104 S.Ct. at 1725–26.[1]

---

1. The First Circuit recently noted in *Kelley v. N.L.R.B.,* 79 F.3d 1238, 1248 (1st Cir.1996):

    Equitable tolling . . . is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands.' *Heideman v. PFL, Inc.,* 904 F.2d 1262,1266 (8th Cir.1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991). Cases in which

■ Lack of prejudice to the defendant is only one of the factors which the Court must consider once it identifies another independent factor that might justify tolling. *Id.* at 152, 104 S.Ct. at 1726. The fact that a defendant may not have been prejudiced by an untimely filing is irrelevant in the absence of a separate independent factor justifying equitable tolling. In the present case, we determine the effect of a dismissal without prejudice of a prior timely filed complaint on a subsequent complaint filed by the claimant.

### Effect of a Prior Filing on Plaintiff's Subsequent Complaint

The First Circuit has not directly addressed this issue. Other circuits, however, provide guidance. Several cases have decided the issue in the present case. In *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir.1987), the plaintiff filed a complaint eighty-seven days after receiving the right-to-sue letter; however, she failed to perfect service on defendant for approximately eight months. Accordingly, the District Court granted defendant's motion to dismiss for failure to perfect service within the 120-day term pursuant to Fed.R.Civ.P. 4(j). The dismissal was without prejudice.

Plaintiff Wilson refiled an identical complaint eighty-five days after the prior dismissal. The second complaint was then dismissed on the grounds that it was not filed within the 90-day statutory filing period of Title VII. On appeal, the plaintiff argued that the filing of the original complaint had tolled the statutory filing period and therefore she had another 90-day period from the date of the dismissal within which to file a new complaint. The Court rejected appellant's position. It noted:

[i]f the filing of the first complaint merely tolled the statutory period, the running of the period would be suspended, but would start against after the dismissal. Wilson would then have had to refile within three

days, as she had already used eighty seven of the ninety days before filing the original complaint. **Because we hold that the filing of the original complaint did not toll the ninety day period at all, Wilson had neither three days nor ninety days to refile after the dismissal: she was already out of time.** Id. at 27. (Emphasis added)

In *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662 (8th Cir.1995) *cert. denied* —— U.S. ——, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995), a complaint was timely filed, but plaintiffs later stipulated a dismissal of the suit without prejudice. Thereafter, plaintiffs refiled their claims and defendants moved for summary judgment on the basis that the second complaint had been filed outside the statutory 90-day filing period. The District court granted the motion and dismissed plaintiffs' claim.

On appeal, plaintiffs posed three arguments to bolster their petition for equitable tolling of their 90-day filing period, to wit: 1) defendants should have understood that their agreement to a stipulated dismissal without prejudice would cause plaintiffs to believe that they could refile their case without adverse consequences; 2) they had entered into the stipulation after the 90-day filing period had expired; and 3) defendants knew the plaintiffs would be likely to refile their claims. *Id.* at 666.

The Court of Appeals rejected such arguments. They indicated that defendants' acts did not amount to affirmative steps designed to or likely to mislead the plaintiffs. It held:

The statute of limitations will not be tolled on the basis of equitable estoppel unless an employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.

*Id.*

It added that "[a] dismissal without prejudice does not toll a statute of limitations" and

the equitable tolling doctrine is invoked are most often characterized by some affirmative misconduct by the party against whom it is employed, such as an employer or an administrative agency. *Id.* Courts generally weigh five factors in assessing claims for equitable tolling: "(1) lack of actual notice of the filing requirement; (2)

lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Kale,* 861 F.2d at 752–753 (citing cases).

consequently, "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." *Id.* As noted by the Sixth Circuit Court of Appeals, the concept of equitable tolling is not, cannot be and should not be "an escape valve through which jurisdictional requirements will evaporate." *Wilson*, 815 F.2d at 28 (citing *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir.1981)).

### Equitable Tolling Inappropriate

■ Upon review of the above mentioned case law, we do not think the circumstances of the present case justify the application of the equitable tolling doctrine. This is not a case where plaintiff received inadequate notice of the filing period; indeed, the original case was timely filed. The Court did not induce the plaintiff to believe that he had done everything required of him; in fact, the record of the prior proceeding indicates that Judge Fusté gave plaintiff all possible opportunities to retain counsel and avoid the dismissal of his case. There is no evidence of any affirmative misconduct on the part of the defendants that lulled the plaintiffs into inaction. Defendants note, and this Court agrees, that plaintiff simply failed to act diligently, and accordingly he cannot now invoke the doctrine of equitable tolling.[2]

We also note that plaintiff had an attorney who timely filed the original complaint and represented him in relation to his A.D.A. claim for several months. We note this district court's opinion in *Silva v. Universidad de Puerto Rico*, 834 F.Supp. 553, 555 (D.P.R. 1993):

Numerous courts, both district and appellate have considered the issue of whether consulting an attorney before the EEOC deadline expires precludes a plaintiff from invoking the doctrine of equitable tolling. The vast majority, including our own Cir-

cuit has answered this question in the affirmative (citing *Cano v. United States Postal Service*, 755 F.2d 221, 222 (1st Cir. 1985)).

In view of the absence of misconduct by defendants or any of the factors, which would justify the application of the equitable tolling doctrine, we must dismiss plaintiff's complaint. As noted by defendant, the dismissal of the original complaint "even though labeled 'without prejudice' [was] in fact, with prejudice" for the 90–day filing period had ran. *See Hilton International v. Union De Trabajadores*, 833 F.2d 10, 11 (1st Cir.1987).

Plaintiff argues that his claim pursuant to 42 U.S.C. § 1981 precludes dismissal in the present case. He argues that the applicable statute of limitations in actions under § 1981 is the one-year period prescribed by Puerto Rico for personal injury claims. He also notes that his prior filing tolled the statute. *See* 31 L.P.R.A. § 5303; *Duran Cepeda v. Morales Lebron*, 112 D.P.R. 776, 779 (1982). Thus, notes plaintiff: "the filing of plaintiff's original complaint tolled the statute of limitations until said case was definitely ended. A final judgment in that case (no 95–2029) was issued last September 10, 1996. After that date plaintiff had one year in which to file his complaint. The complaint was filed on December 26, 1996." **(Docket # 7)**

■ We find plaintiff's arguments inapposite. As noted by defendant in his opposition, the statute 42 U.S.C. § 1981 was drafted to secure that black people be invested with the rights, privileges and responsibilities of citizenship, and the equal enjoyment of all civil rights enjoyed by white people.[3] *See Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 346 (1st Cir.1995); *Franceschi v. Hyatt Corporation*, 782 F.Supp. 712 (D.Puerto Rico 1992). It is well

---

**2.** The First Circuit wrote: "[t]he concept of an ordered liberty requires that the law draw temporal lines. Any time such a line is drawn, however, there will always be litigants who fall just short. Holding the line in those instances may seem harsh, but it is essential to the proper functioning of our legal system." *Tirado v. U.S. Department of Veterans Affairs*, No. 96–1413, slip op. at 2, 1997 WL 157750.

**3.** The statute reads: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

established law that § 1981 does not forbid all types of discrimination in contractual matters. It only bars discrimination in certain contract-related acts, and only if the discrimination in question is both intentional and based on race. *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). There is no indication that race played a role in plaintiff's discharge from his job.

In view of the above discussion, we find that plaintiff failed to file his second complaint within the prescribed ninety-day term prescribed and thus plaintiff's A.D.A. claim must be **DISMISSED** for lack of jurisdiction.

We also decline to exercise jurisdiction over plaintiff's remaining state claims against the defendant. This Court feels that these claims could be more properly adjudicated in the local courts of Puerto Rico. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). *See also Martinez v. Colon,* 54 F.3d 980, 990 (1st Cir.1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed.") Accordingly, plaintiff's state-law claims against defendant are also **DISMISSED**. Judgment shall be issued accordingly.

**SO ORDERED.**