**Felix CHICO–VELEZ, Plaintiff, Appellant,**

**v.**

**ROCHE PRODUCTS, INC., Defendant, Appellee.**

**No. 97–2102.**

United States Court of Appeals, First Circuit.

Submitted Feb. 24, 1998.

Decided March 18, 1998.

Francisco R. González, Santurce, PR, on brief, for appellant.

Rafael E. Aguiló Vélez, Hato Rey, PR, Anabel Rodríguez Alonso, Guaynabo, PR, and Schuster, Usera, Aguiló & Santiago, Hato Rey, PR, on brief, for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and SELYA, Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellee Roche Products, Inc. (Roche) discharged plaintiff-appellant Félix Chico–Vélez on April 15, 1994. Chico–Vélez thereafter lodged a claim of discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213 (1994). Following exhaustion of the ADA's mandatory administrative process, the cashiered employee hailed Roche into federal district court. His complaint set forth a cause of action under the ADA and added several claims under local law. Roche denied the material allegations of the complaint and contended that it had fired Chico–Vélez for just cause.

After two sets of counsel withdrew in fairly rapid succession, the plaintiff experienced difficulty securing a replacement. The district court, in the person of Judge Fusté, afforded Chico–Vélez numerous warnings and extended several deadlines to accommodate him. When the plaintiff nevertheless failed either to obtain another lawyer or to proclaim a desire to proceed *pro se,* Judge Fusté dismissed the suit for want of prosecution. In this order, filed on September 19, 1996, the judge declared that the dismissal would operate without prejudice. No useful purpose would be served by recounting the details of the dismissed proceeding, save to say that Chico–Vélez's assertion of a cause of action under the ADA comprised the jurisdictional impetus that boosted the case into federal court.

The plaintiff did not appeal from the order of dismissal, but, rather, secured new counsel and filed a new action in the district court on December 27, 1996. This case was assigned to Judge Casellas's calendar. Once again, federal jurisdiction depended on the plaintiff's ADA claim.[1] Roche moved to dismiss for want of subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1), alleging that Chico–Vélez had not brought suit within ninety days following the issuance of his right-to-sue letter by the Equal Employment Opportunity Commission (EEOC) on May 18, 1995. *See* 42 U.S.C. § 12117(a) (subjecting ADA claims to the procedural requirements of Title VII); 42 U.S.C. § 2000e–5 (1994) (ordaining that a civil action for covered violations must be filed in the district court within ninety days of the claimant's receipt of a right-to-sue letter from the EEOC); 29 C.F.R. § 1601.28(e)(1) (1997) (explicating procedure); *see also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984). The district court granted Roche's motion and denied the plaintiff's subsequent request for reconsideration. This appeal followed.[2]

■ We need not tarry. Undertaking de novo review, *see Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992), we believe that this is a suitable case in which to act upon our frequently expressed belief that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." *Lawton v. State Mut. Life Assurance Co. of Am.,* 101 F.3d 218, 220 (1st Cir.1996); *accord Jose Ayala v. Union De Tronquistas,* 74 F.3d 344, 345 (1st Cir.1996); *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993). Hence, we affirm the judgment for substantially the reasons set forth in the opinion below. *See Chico Vélez v. Roche Prods., Inc.,* 971 F.Supp. 56 (D.P.R.1997). We add only three brief comments.

■ First, the plaintiff's attempt to invoke the doctrine of equitable tolling is unavailing.[3] Federal courts should not apply

---

1. In his second suit, the plaintiff made a glancing reference to 42 U.S.C. § 1981. The district court, noting that the plaintiff had made no averments of any race-based discrimination, rejected section 1981 as a possible source of federal jurisdiction. *See Chico Vélez v. Roche Prods., Inc.,* 971 F.Supp. 56, 61 (D.P.R.1997). Because the plaintiff has not pursued any such cause of action on appeal, we need not address the matter.

2. Chico-Vélez's attorney moved to withdraw after the appeal had been fully briefed. We granted the motion and took the case on submission.

3. Given that the relevant limitation period originates in a federal statute, the issue of equitable tolling is governed by federal law. *See Weddel v. Secretary of HHS,* 100 F.3d 929, 931 (Fed.Cir. 1996). We note, however, that the result would

equitable tolling liberally to extend time limitations in discrimination cases. *See Rys v. United States Postal Serv.*, 886 F.2d 443, 446 (1st Cir.1989) (explaining that courts should take a "narrow view" of equitable exceptions to Title VII limitation periods); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) (similar). In a nutshell, equitable tolling is reserved for exceptional cases and the record before us simply lacks the ingredients necessary to warrant invocation of the doctrine.

 Second, and relatedly, the plaintiff is wrong when he asserts that the dismissal without prejudice of an earlier action in and of itself justifies equitable tolling. To the contrary, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice. *See Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir.1995); *Brown v. Hartshorne Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir.1991); *Robinson v. Willow Glen Academy*, 895 F.2d 1168, 1169 (7th Cir.1990); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (per curiam); *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir.1985); *Cardio-Medical Assoc. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir.1983); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *cf. Hilton Int'l v. Union De Trabajadores*, 833 F.2d 10, 11 (1st Cir.1987). In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action. So it is here: the dismissal without prejudice of Chico–Vélez's first action doomed his ADA claim because the ninety-day filing period had run.

We hasten to add that, even if the pendency of the earlier suit had suspended the running of the ninety-day limitation period, the plaintiff would not prevail. In that event, the limitation period would have commenced anew when the district court dismissed the first action—and more than ninety days

elapsed between that date (September 19, 1996) and the date the plaintiff filed the instant action (December 27, 1996).

 Third, the plaintiff expends considerable time and energy in an effort to convince us that Judge Fusté erred in dismissing his initial action. The short, completely dispositive answer to this plaint is that Chico–Vélez could have, but did not, take a contemporaneous appeal. The order of dismissal since has ripened into a final judgment and may not now be collaterally attacked in this proceeding. *See Retail Clerks Local No. 1564 v. Your Food Stores of Santa Fe, Inc.*, 225 F.2d 659, 663 (10th Cir.1955); *see generally* Fed. R. App. 4(a) (delimiting applicable appeal period).

We need go no further. Though the plaintiff's brief on appeal presents his arguments vigorously, it is ultimately unpersuasive. Hence, the judgment below must be

*Affirmed.*

---

be no different under Puerto Rico law, which "provides for equitable tolling in a case of 'damage willfully and wrongfully (*dolosamente*) concealed by the author of the same.'" *Ramírez Morales v. Rosa Viera*, 815 F.2d 2, 4 (1st Cir.

1987) (quoting *Rivera Encarnación v. E.L.A.*, 113 D.P.R. 383, 386 (1982)). Here, Roche committed no wrongful act that contributed to the plaintiff's failure to prosecute his case in a timely manner.