**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABDUL AZIZ,
Plaintiff-Appellant,

v.                                                             No. 98-1281

ORBITAL SCIENCES CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-97-1769-A)

Submitted: September 30, 1998

Decided: October 19, 1998

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Abdul Aziz, Appellant Pro Se. Edward R. Noonan, ECKERT, SEA-
MANS, CHERIN & MELLOTT, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abdul Aziz appeals the district court's order granting Orbital Sciences Corporation's (Orbital's) motion to dismiss this action, filed pursuant to Title VII, 42 U.S.C.A. §§ 2000e to -17 (West 1994 & Supp. 1998), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1998). Orbital moved to dismiss the action on the ground that it was untimely filed. The district court held a hearing on the motion, which Aziz did not attend, and granted the motion to dismiss.

Title VII and the ADEA allow an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). A claimant who fails to file a complaint within the ninety-day statutory time period generally forfeits his right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The time period is subject to equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), but one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. Hallstrom v. Tillamook County, 493 U.S. 20, 27 (1989).

Here, Aziz was mailed his right to sue letter on March 4, 1997. He filed an initial, timely action in the District of Columbia District Court. Orbital filed a motion to dismiss for inadequate service of process or for change of venue. The case was transferred to the Eastern District of Virginia. The district court informed Aziz that he had until August 6 to serve Orbital under Fed. R. Civ. P. 4. Orbital again moved to dismiss, and following a hearing that Aziz did not attend, the district court dismissed the action without prejudice for improper service of process. Aziz refiled his complaint on December 4, 1997, 275 days after the right to sue letter was issued and fifty-one days after the first action was dismissed. At a hearing that Aziz did not attend, the district court granted Orbital's motion to dismiss.

A dismissal without prejudice does not toll the statutory period for filing an action. Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998). Nothing in the record suggests that Aziz is entitled to

2

equitable tolling of the statutory time period. Therefore, although we deny Orbital's motion to dismiss the appeal, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3