Idanis Garcia MORALES,
et al., Plaintiffs,

v.

INSTITUTO COMERCIAL DE PUER-
TO RICO JURIOR COLLEGE, et
al., Defendants.

No. Civ. 97–1766(SEC).

United States District Court,
D. Puerto Rico.

March 2, 1999.

Jesus R. Rabell–Mendez & Pedro J. Salicrup, Rosello–Rentas & Rabell–Mendez, San Juan, PR, for plaintiffs.

Luis N. Blanco–Matos, San Juan, PR, for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on plaintiffs' motion (**Docket # 13**) to alter or amend the above-captioned judgment entered on March 16, 1998 (**Docket # 12**), dismissing their complaint with prejudice. For the reasons set forth below, plaintiff's motion (**Docket # 13**) is hereby **DENIED** in part and **GRANTED** in part.

### Background

This is an action for alleged sex discrimination due to pregnancy and disability discrimination. Before addressing the issues at hand, a brief account of the procedural history of this case is in order. On July 10, 1995, plaintiff Idanis García Morales was discharged by her employer, defendant Instituto Comercial de Puerto Rico Junior College ("ICPR"). Thereafter, García Morales filed a discrimination charge against ICPR before the Anti–Discrimination Unit of the Puerto Rico Department of Labor. This agency referred the charge to the Equal Employment Opportunity Commission ("EEOC") for dual filing purposes. On June 5, 1996, the EEOC issued a notice of right to sue, commonly referred to as a "right to sue letter." Accordingly, on August 12, 1996, García Morales, and co-plaintiffs Edgar Rafael Rivera de Jesús, her husband, and the conjugal partnership formed by them, filed suit in the district court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* the

Civil Rights Act of 1866, 42 U.S.C. § 1981; the American with Disabilities Act, 42 U.S.C. § 12117(a) *et seq.;* 42 U.S.C. § 1988; and 28 U.S.C. § 1331. Supplemental jurisdiction was invoked pursuant to 28 U.S.C. § 1367, in connection with various state claims. That case was numbered Civil No. 96–1975.

After their counsel withdrew from the case, plaintiffs experienced difficulty in securing a replacement. On December 19, 1996, the Court granted plaintiffs thirty days to acquire new counsel. On February 3, 1997, the Court granted plaintiffs an extension of time, and instructed them to secure representation by February 24, 1997. The Court advised plaintiffs that no further extensions would be granted. By February 26, no appearance had been entered on behalf of plaintiffs, so the Court dismissed their complaint without prejudice, pursuant to Fed.R.Civ.P. 41(b) (*See* **Docket # 14** in Civ. No. 96–1975).[1] Post-trial motions were filed and denied, and an appeal ensued.

On May 15, 1997, plaintiffs filed the complaint in the instant action which, aside from some insignificant variances, is identical to the one filed on August 12, 1996. Again plaintiffs claimed discrimination due to pregnancy and disability discrimination, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* the Civil Rights Act of 1866, 42 U.S.C. § 1981; the American with Disabilities Act, 42 U.S.C. § 12117(a) *et seq.;* 42 U.S.C. § 1988; and 28 U.S.C. § 1331. Again they invoked supplemental jurisdiction for their state law claims. Defendants answered on August 5, 1997, denying all the material allegations of the complaint.

About a week later, on August 14, the Court ordered the parties to show cause why the case should not be dismissed, considering that plaintiffs' federal causes of action under Title VII had to be filed

---

1. On March 6, 1997, after the judgment had been entered, plaintiffs filed a *pro se* motion dated February 25, 1997, in which they petitioned the Court for yet another extension of time to secure representation. This motion was denied. (**Docket # 15.**)

within 90 days of receipt of the right to sue letter from the EEOC, 42 U.S.C. § 2005e-5(f)(1), and plaintiffs filed their complaint more than 350 days after the EEOC issued its authorization.[2] The parties complied. On March 16, 1998, the Court dismissed plaintiffs' second complaint under the rationale of *Chico Velez v. Roche Products, Inc.*, 971 F.Supp. 56 (D.Puerto Rico 1997) (Casellas, J.), *aff'd*, 139 F.3d 56 (1st Cir. 1998), reasoning that the dismissal of the first complaint had left the situation as if the suit had never been brought. Thus, since the second complaint was filed long after the 90-day period following the issuance of the right to sue letter had expired, their action was time-barred. The Court further found that there were no equitable factors present which merited the tolling of the 90-day statute of limitations (*see* **Docket # 11**).

On March 27, 1998, plaintiffs filed the motion now before the Court. They are requesting that the Court set aside its judgment dismissing this action or, alternatively, that the Court amend its judgment so the dismissal of their state causes of action be without prejudice to whatever rights they may have to prosecute them in the courts of Puerto Rico. We will in turn address each of plaintiffs' arguments in support of their motion.[3]

**Rule 59(e)**

"Rule 59(e) motions are aimed at reconsideration, not initial consideration." *FDIC v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir.1992) (citations and internal quotations omitted). It permits a party to direct a district court's attention to newly discovered material evidence or a manifest error of law or fact, enabling it to correct its own errors, and thus avoid unnecessary appellate procedures. *See Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997). The decision whether to alter or amend a judgment under Rule 59(e) is entrusted to the sound discretion of the trial court. *See Mariani–Giron v. Acevedo–Ruiz*, 945 F.2d 1, 3 (1st Cir.1991) (citations omitted). "A district court's denial of a Rule 59(e) motion, although final and appealable, may be reversed only for a manifest abuse of discretion." *Id.* (citations omitted).

**Failure to Assert Statute of Limitations Defense**

■ Defendants did not plead statute of limitations as a defense in their answer to the complaint (*See* **Docket # 4** at 3–4). Soon thereafter, however, the Court raised and directed the parties to brief the issue in its order to show cause of August 14, 1998 (**Docket # 5**). In their brief in compliance with this order, plaintiffs asserted that their action was not time-barred and that, in any case, defendants had waived the statute of limitations defense by not pleading it in their answer. Plaintiffs again raise the waiver issue in their present motion.

Rule 8(c) of the Federal Rules of Civil Procedure directs that:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

---

2. The Court also directed the parties to show cause why plaintiffs' § 1981 claim should not be dismissed on the ground that there is no cause of action for sex discrimination under § 1981, but plaintiffs subsequently requested the voluntary dismissal of this claim (**Docket # 6**).

3. The Court notes that plaintiffs originally presented some of their arguments in a "Motion in Opposition for Leave to Amend and in Reply to Defendant's Motion to Show Cause," tendered on September 8, 1997 (*see* **Docket # 9**), upon which the Court did not act. However, in order to be as fair as possible, the Court will consider all of plaintiffs' arguments and will not deem any of them waived.

In interpreting this rule, courts have held that all affirmative defenses are ordinarily waived unless pleaded in the original answer. *See, e.g., Ringuette v. City of Fall River,* 146 F.3d 1, 4 (1st Cir.1998); *Knapp Shoes, Inc. v. Sylvania Shoe Manu. Corp.,* 15 F.3d 1222, 1226 (1st Cir. 1994); *FDIC v. Ramirez–Rivera,* 869 F.2d 624, 626 (1st Cir.1989). Therefore, "[t]o avoid waiver, a defendant must assert all affirmative defenses in the answer." *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996).

The First Circuit has nevertheless recognized that " '[w]hen there is no prejudice and when fairness dictates, the strictures of [the raise or waive] rule may be relaxed.' " *Conjugal Partnership v. Conjugal Partnership,* 22 F.3d 391, 400 (1st Cir.1994) (quoting *Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810, 813 (1st Cir.1975)). Accordingly, a district court should permit a party to amend its pleadings under Fed.R.Civ.P. 15(b) if prejudice does not result. *See id.* Also, the court may treat an affirmative defense that was not timely raised as if it had been asserted in the original pleadings, when the defense has actually been tried by the express or implied consent of the parties. *See id.; Knapp Shoes,* 15 F.3d at 1226; *Ramirez–Rivera,* 869 F.2d at 626–27. In addition, the First Circuit has held that a district court may *sua sponte* dismiss an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(i)—previously § 1915(d)—, where from the complaint it appears that the claim has expired under the applicable statute of limitations. *See Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117; *Johnson v. Rodriguez,* 943 F.2d 104, 107 (1st Cir.1991).

While the present case does not strictly fit any of the foregoing exceptions, and even though the 90–day period prescribed in § 2000e–5(f)(1) is nonjurisdictional,[4] it was within the Court's discretion to raise the statute of limitations issue on its own. First, the parties were given the opportunity to fully brief the issue. Second, while defendants did not raise the statute of limitations defense in their answer, it could be readily ascertained from plaintiffs' complaint that this action was filed long after the 90–day requirement of § 2000e–5(f)(1) had elapsed. Third, the issue was raised at a stage in which it caused plaintiffs no surprise, but enabled them to address it adequately and controvert the defense. Plaintiffs, therefore, suffered no prejudice for purposes of Rule 8(c). *See Knapp Shoes,* 15 F.3d at 1226 (noting that "the reason why affirmative defenses under Rule 8(c) must be pled in the answer is to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense") (citation omitted).[5]

Plaintiffs next mount three attacks on the statute of limitations: (1) that the 90–day period was tolled by the filing of their original complaint in Civil No. 96–1975; (2) that *Chico Velez* should not be applied retroactively; and (3) that this is a case suitable for equitable tolling. Since the first issue is presently foreclosed by *Chico Velez,* we shall instead address first whether *Chico Velez* should be applied retroactively.

**Retroactivity**

■ During the pendency of this action, this Court decided *Chico Velez v. Roche Products, Inc.,* 971 F.Supp. 56 (D.Puerto Rico 1997) (Casellas, J.) (hereinafter *Chico Velez I* ). In *Chico Velez* we held, following the rule in other circuits, that the

---

4. *See, e.g., McKinnon,* 83 F.3d at 505; *Rice v. New England College,* 676 F.2d 9, 10 (1st Cir.1982); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

5. Moreover, after the Court issued its order to show cause, defendants filed a motion for leave to amend their answer by asserting the statute of limitations defense (**Docket # 8**). While the Court never acted upon this motion, it could very well have granted it. *See Conjugal Partnership,* 22 F.3d at 400.

dismissal without prejudice of a timely filed complaint under Title VII does not toll the 90–day statute of limitations. Our decision was subsequently affirmed, also during the pendency of this case, in *Chico Velez v. Roche Products, Inc.*, 139 F.3d 56 (1st Cir.1998) (hereinafter *Chico-Velez II* ). Premised on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), plaintiffs argue that *Chico–Velez* I should not be applied to them, because both their timely complaint in Civil No. 96–1975, and their second complaint in this case were filed before *Chico–Velez* I had been decided. They are wrong.

The Supreme Court in *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1995) ruled that when "th[e] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." Thus, "the legal imperative to 'apply a rule of federal law retroactively after the case announcing the rule has already done so' must 'prevai[l] over any claim based on a Chevron Oil analysis.' " *Id.* at 2518.

Other circuits have held that although *Harper* dealt with decisions issued by the Supreme Court, "there is no cogent basis for distinguishing decisions handed down by the inferior federal courts." *Laborers' International Union of North America v. Foster Wheeler Energy,* 26 F.3d 375, 386 n. 8 (3d Cir.1994) (collecting cases); *see also Hebert v. Manchester, New Hampshire, School District,* 833 F.Supp. 80, 84 (D.N.H.

1993) (noting that after *Harper* "equitable considerations can no longer prevent a new rule of law from applying to a pending case").

Accordingly, we hold that the rule established in *Chico Velez I,* as subsequently affirmed by the First Circuit in *Chico Velez II,* is applicable to this case. Because the dismissal without prejudice of plaintiffs' first complaint in Civil No. 96–1975 left the situation as if no case had ever been filed, and because the second complaint was filed after the 90–day period of § 2000e–5(f)(1) had elapsed, this action time-barred. *See Chico Velez II,* 139 F.3d at 59 (holding that the 90–day period of § 2000e–5(f)(1) is not tolled by the filing of a complaint that is subsequently dismissed without prejudice).

**Tolling**

■■ Plaintiffs next contend that the 90–day period of time for bringing suit after the right to sue letter was issued was tolled by the filing of their original complaint in Civil No. 96–1975, and that it began to run anew upon its dismissal. Plaintiffs premise this argument on the borrowing doctrine,[6] claiming that Puerto Rican tolling rules should apply to this action.

This argument, however, as illustrated in the preceding discussion, is foreclosed by *Chico Velez I & II.*[7] Moreover, because Congress has established a statute of limitations for actions under Title VII, Puerto Rican tolling provisions are not applicable. *See Brown v. Hartshorne Public School, Dist. No. 1,* 926 F.2d 959 (10th Cir.1991) ("When Congress has provided a federal statute of limitation for a federal claim . . .

**6.** *See, e.g., Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.") (footnote omitted).

**7.** Plaintiffs try to distinguish this case from *Chico Velez I* on the basis that theirs is an

action pursuant to Title VII, while *Chico Velez* involved an action under the American with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* This distinction is unavailing, since any action pursuant to the American with Disabilities Act is subject to § 2000e–5 of Title VII. *See* 42 U.S.C. § 12117(a); *Chico Velez I,* 971 F.Supp. at 58. Moreover, plaintiffs seem to forget that *they* have invoked the American with Disabilities Act in this case (*see* **Docket #1** at 1).

state tolling and saving provisions are not applicable.") (citations omitted); *cf. Chico Velez II,* 139 F.3d at 58 n. 3 ("Given the relevant limitation period originates in a federal statute, the issue of equitable tolling is governed by federal law.") (citation omitted).

## Equitable Tolling

■ Furthermore, plaintiffs unpersuasively invoke the doctrine of equitable tolling as applicable to this case. As the First Circuit has directed, courts must "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Chico Velez I,* 971 F.Supp. at 58 (citations omitted). The equitable tolling of Title VII statute of limitations is essentially limited to "situations where (1) the claimant lacks actual or constructive notice of the filing requirements; (2) a court has led a plaintiff to believe he has done all that is required of him; (3) affirmative misconduct on the part of the defendant lulled the plaintiff into inaction; and (4) situations where a timely motion for appointment of counsel is pending before the court." *Id.* This case does not present any of these situations.

First, plaintiffs did not lack either actual or constructive notice of the filing requirements. To be sure, they filed their original complaint within the 90–day statutory period. Second, the court gave plaintiffs various opportunities to retain new counsel and they failed to timely do so. Plaintiffs argue that in dismissing their original complaint without prejudice, the Court led them to believe that they could refile their case. However, as the First Circuit has warned in cases such as this one, "a dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell or the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *Chico Velez II,* 139 F.3d at 59. Third, plaintiffs do not contend—and there is no evidence—that defendants incurred in any misconduct to lull them into inaction. Finally, no timely motion for

appointment of counsel was pending before the Court when it issued its order in February 26, 1998, dismissing plaintiffs' original suit.[8] This is thus not an exceptional case; plaintiffs "simply failed to act diligently, and accordingly, [t]he[y] cannot now invoke the doctrine of equitable tolling." *Chico Velez I,* 971 F.Supp. at 60 (footnote omitted).

## Dismissal Without Prejudice of the State Causes of Action

■ Alternatively, plaintiffs ask that the Court amend its judgment to dismiss their state law claims without prejudice so that they can prosecute them in local court. We note that at least plaintiffs' claim of alleged sex discrimination pursuant to Law 100 of June 30, 1959, as amended, 29 L.P.R.A. §§ 146–151, may not be time-barred under the rule of *Matos Molero v. Roche Products, Inc.,* 132 D.P.R. 470, 486 (1993) (holding that the filing of a charge before the Anti–Discrimination Unit of the Puerto Rico Department of Labor tolls the Puerto Rican statute of limitations for filing an action in state court under Law 100). Accordingly, plaintiffs' motion should be granted in this respect, and judgment be amended to reflect that plaintiffs state causes of action are dismissed without prejudice of whatever rights they may have to prosecute them in the courts of Puerto Rico. *See Chico–Velez,* 139 F.3d at 58; *Martinez v. Colon,* 54 F.3d 980, 990 n. 12 (1st Cir.1995).

We find that: (1) it was within the Court's discretion to raise *sua sponte* the statute of limitations issue; (2) the rule announced in *Chico Velez I,* as subsequently affirmed in *Chico Velez II,* applies to this case; (3) plaintiffs filing of the original complaint in Civil No. 96–1975 did not toll Title VII statute of limitations, and therefore, the present action is time-barred; and (4) this case presents no factors warranting the application of the equitable tolling doctrine. We nevertheless find that plaintiffs may still prosecute whatever

---

8. *See supra* note 1.

**68**

state claims they may have in local court. Thus, plaintiffs' motion to set aside the judgment issued on March 16, 1998 (**Docket #13**), is hereby **DENIED.** However, plaintiffs' motion to alter said judgement (**Docket #13**) is hereby **GRANTED.** Accordingly, the judgment issued on March 16, 1998 (**Docket #12**), is hereby **AMENDED,** to reflect that plaintiffs' causes of action under Puerto Rican law are dismissed **without prejudice** of whatever rights they may have to prosecute them in the courts of Puerto Rico. For the foregoing reasons, plaintiffs' motion (**Docket #13**) is hereby **DENIED** in part and **GRANTED** in part.

    **SO ORDERED.**