[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1433

IDANIS GARCIA MORALES;
EDGAR RAFAEL RIVERA DE JESUS;
CONJUGAL PARTNERSHIP RIVERA GARCIA,

Plaintiffs, Appellants,

v.

INSTITUTO COMERCIAL DE PUERTO RICO JUNIOR COLLEGE;
ANGEL CURBELO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Jesus R. Rabell Mendez and Rossello, Rabell & Salicrup on
brief for appellants.
Luis N. Blanco Matos on brief for appellees.

January 31, 2000

Per Curiam. Plaintiffs appeal from the district court's
dismissal of their employment discrimination complaint which was
filed outside of the 90-day limitation period set forth in 42
U.S.C. 2000e-5(f)(1). The parties agree that the complaint was
filed more than 90 days after plaintiffs received their "right to
sue letter." Plaintiffs contend, however, that defendants waived
the statute of limitations defense by failing to assert it in their
answer to the complaint, as required by Fed.R.Civ.P. 8(c). For
essentially the reasons stated by the district court in its Opinion
and Order dated March 2, 1999, we agree that defendants did not
waive the statute of limitations defense.
Plaintiffs also argue on appeal, as they did below, that the
filing of an earlier complaint which was dismissed "without
prejudice" tolled the 90-day period, causing it to begin anew upon
the dismissal of the first complaint. That argument is foreclosed
by this court's decision in Chico-Velez v. Roche Products, Inc.,
139 F.3d 56 (1st Cir. 1998).
The judgment of the district court dismissing plaintiffs'
federal claims with prejudice is affirmed. See Loc.R. 27(c).