Frances A. SOTO–RIVERA, Plaintiff,

v.

UNIVERSITY OF PUERTO RICO,
et al., Defendants.

Civil No. 04–1196 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 22, 2005.

Rafael E. Garcia–Rodon, Rafael E. Garcia Rodon Law Office, San Juan, PR, for Plaintiffs.

Ivan Dominguez–Perez, Dominguez Law Office, Marie L. Quinones–Tanon, Latimer, Biaggi, Rachid & Godreau, Juan M. Masini–Soler, Juan Masini Soler Law Office, Ramonita Dieppa–Gonzalez, Morales Morales Law Offices, Kenneth Colon–Alicea, Victor J. Girona–Gonzalez, Saldana, Saldana–Egozcue & Vallecillo, PSC, Roberto E. Ruiz–Comas, Gonzalez Villamil Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion to Dismiss, filed by defendants on January 14th, 2005. (Docket No. 15). For the reasons set forth below, the Court **GRANTS** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 15th, 2002, plaintiff Frances Soto–Rivera ("Soto–Rivera") began working as a Librarian I in the General Library of the University of Puerto Rico at Mayaguez ("UPR"). On May 7th, 2002, Isabel Ruiz–Tardí, the Library Director, designated Soto–Rivera as Head of the Automation and Training Department ("the Department"). Soto–Rivera objected to the designation because she allegedly could not climb up or down the stairs that led to the Department, which is located on the third floor of the General Library.[1] Despite her objections, Soto–Rivera was nevertheless designated to the position and began working as Head of the Department on July 1st, 2002.

Soto–Rivera claims that initially she was allowed to use the cargo elevator to get to the third floor, but was subsequently ordered to discontinue its use because of safety reasons. Soto–Rivera requested reasonable accommodation right after she was ordered to stop using the cargo elevator. Her petition, however, was denied. On December 9th, 2002, Soto–Rivera resigned her position alleging the lack of accommodation kept her from performing the essential duties of her position.

On January 14th, 2003, Soto–Rivera filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Docket No. 15, Exhibit 1). On April 25th, 2003, the EEOC dismissed the charge concluding that the "allegations did not involve a disability that is covered by the Americans with Disabilities Act." *Id.*

On July 24th, 2003, Soto–Rivera filed a Complaint against the UPR for the same conduct charged before the EEOC.[2] (Docket No. 20, Exhibit 1). Subsequently, however, Soto–Rivera filed a Motion for Voluntary Dismissal, which the Court granted on December 18th, 2003, and accordingly, entered Judgment dismissing the claim without prejudice. *Id.*

On March 11th, 2004, Soto–Rivera filed a second Complaint based on the same claims, and against the same defendants.[3] (Docket No. 1). On January 14th, 2005, the defendants filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(6), arguing that: 1) the second complaint is time barred; and 2) the UPR is entitled to Eleventh Amendment immunity and therefore cannot be sued under the ADA.

## STANDARD OF REVIEW

A.   *Motion to Dismiss Standard*

▉  Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of

---

**1.** Soto–Rivera claims a back condition makes it too painful for her to climb 38 steps to the Library's third floor. (Docket No. 15 at 2; Docket No. 20 at 3).

**2.** *See* 03–1806(JAG).

**3.** The Complaint is premised on Title II of the ADA. Supplemental Jurisdiction is invoked for the claims arising under Puerto Rico Law No. 44 of July 2, 1985, and under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.

his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). To survive a motion to dismiss, Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### DISCUSSION

According to 42 U.S.C. § 2000e–5, whenever the EEOC dismisses a charge of discrimination, the aggrieved person shall have ninety (90) days to file a complaint after notice of the dismissal. Since Soto–Rivera filed the present Complaint on March 11th, 2004—well over the ninety (90) day period provided by the statute—defendants contend the case must be dismissed on limitations grounds.

Soto–Rivera counters that she filed the first Complaint on July 24th, 2003; hence, the present case is not time-barred inasmuch as that first filing tolled the ninety (90) day statute of limitation. Moreover, Soto–Rivera claims that defendants are

"well aware of the actions that have been filed twice against them," and thus the Court entertaining the case would not be prejudicial to them. (Docket No. 20 at 2). The Court disagrees.

The ADA requires, as a predicate to a civil action, that the complainant first file an administrative charge with the EEOC within a specified and relatively short time period (usually 180 or 300 days) after the discrimination complained of, and that the lawsuit be brought within an even shorter period (90 days) after notice that the administrative charge is dismissed, or after the agency issues instead a right to sue letter. *See* 42 U.S.C §§ 2000e–5(e)(1) and (f)(1). Despite occasional references to "jurisdiction," this is basically an exhaustion requirement coupled with a short statute of limitations both on complaining to the agency and on filing the subsequent court case. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–395, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Clockedile v. New Hampshire Department of Corrections*, 245 F.3d 1, 3–4 (1st Cir.2001). The ninety (90) day statute of limitations to file a case in court is subject to equitable tolling; however, equitable exceptions are narrowly construed. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Chico–Vélez v. Roche Products, Inc.*, 139 F.3d 56,58–59 (1st Cir.1998); *Rivera–Cordero v. Autonomous Municipality of Ponce*, 182 F.Supp.2d 221, 224–225 (D.P.R.2002).

The First Circuit has unequivocally ruled that the ninety (90) day prescription period for ADA claims is not tolled by filing a complaint that is subsequently dismissed without prejudice. *Chico–Vélez*, 139 F.3d at 59. In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless "may sound the death knell for the plaintiff's underlying cause of action if the sheer

passage of time precludes the prosecution of a new action." *Id.* That is the case here.

As the Court has expressed before, the dismissal of the first Complaint left the situation "as if the suit had never been brought." *Rivera–Cordero,* 182 F.Supp.2d at 225. Since Soto–Rivera filed her ADA Complaint well after the expiration of the ninety (90) day limitations period (in light of the April 25th, 2003, EEOC dismissal), her ADA complaint is time barred, and must be dismissed.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the defendants' Motion (Docket No. 15), and **DISMISSES** all claims brought under the purview of Title II of the ADA, without prejudice to any state law claim that plaintiffs could assert in a state court or administrative forum of competent jurisdiction. *See* 28 U.S.C. § 1367(c)(3)(the district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if . . . (3) the District Court has dismissed all claims over which it has original jurisdiction). Judgment shall enter accordingly.

IT IS SO ORDERED.