**Julio A. MERCADO–GARCIA, Maria Del Carmen Avila Mugica, and their Marital Conjugalship, Plaintiffs, Appellants,**

v.

**PONCE FEDERAL BANK, et al., Defendants, Appellees.**

No. 91–2296.

United States Court of Appeals, First Circuit.

Heard June 3, 1992.

Decided Nov. 19, 1992.

Pia Gallegos with whom Harry Anduze Montano was on brief for plaintiffs, appellants.

Gregory T. Usera with whom Goldman Antonetti Ferraiuoli & Axtmayer was on brief for defendants, appellees.

Before BREYER, Chief Judge, O'SCANNLAIN,* and CYR, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

In this case involving claims of age and employment discrimination we must resolve several issues of first impression.

I

Julio Mercado–Garcia ("Mercado") was fifty years old and had been in the employ of the Ponce Federal Bank ("the Bank") for eleven years when he was discharged from his position as Vice President for Human Resources in 1988. The final year of his tenure had not apparently been pleasant. Mercado says that his problems began in November 1987 when he refused to accede to his supervisor's request that he falsify certain personnel records. By his refusal to act in a manner he believed to be illegal, Mercado allegedly precipitated a campaign of harassment, intimidation, and discrimination against himself.

Eventually Mercado was asked, and asked again, to submit his resignation. When he refused, the Bank terminated his employment. A letter from the Bank reached Mercado on October 13, 1988, confirming his discharge effective September 30, 1988. He alleges, however, that his ill treatment at the hands of the Bank did not end there, for the Bank, assertedly without cause, promptly cancelled his VISA card and prematurely called a loan he had taken out from the Bank. In addition, says Mercado, the Bank failed to provide him timely notice of his rights to continue under the Bank's health and life insurance policies, thereby causing him to lose coverage.

Mercado filed his complaint in this case in July 1989 alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"), the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"),[1] the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f ("ECOA"), and the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161–1168, ("COBRA"), as well as a federal breach of contract claim[2] and pendent state law causes of action. In the district court, the Bank prevailed on all claims, some by dismissal under Federal Rule of Civil Procedure 12(b)(6) and others by grant of summary judgment. 779 F.Supp. 620. Mercado timely appealed.

II

We turn first to Mercado's claim under the ECOA. Section 701 thereof provides as follows:

(a) It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—

(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)....

15 U.S.C. § 1691(a)(1). Mercado contends that summary judgment was erroneously entered against him on his claims under this section. Before reaching the merits of this contention, we must first analyze how the commands of the ECOA are to be applied, a matter we consider for the first time.

It is apparent that the plain language of the statute itself does not resolve a number of questions that are fundamental to its enforcement by the courts. In particular, the statute does not reveal what it is an ECOA plaintiff like Mercado must establish in order to make out a prima facie case of unlawful discrimination in a credit decision and to withstand a creditor's motion for summary judgment.

* Of the Ninth Circuit, sitting by designation.

**1.** On appeal, Mercado has asserted no error in connection with the district court's dismissal of his ERISA claim for interference with retirement benefits in violation of 29 U.S.C. § 1140. We therefore deem any such argument waived.

**2.** The district court had original jurisdiction over the federal questions presented in this case pursuant to 28 U.S.C. § 1331. *See also* 12 U.S.C. § 632; 15 U.S.C. § 1691e(f); 29 U.S.C. § 1132(e). This court has jurisdiction over the final decision of the district court pursuant to 28 U.S.C. § 1291.

When faced with a matter of statutory construction that is of first impression we have looked for guidance to our construction of other, similar enactments. *See De Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir.1990) (looking to precedent regarding grant of attorney's fees under 42 U.S.C. § 1988 in interpreting "similar" attorney's fees provisions of Truth in Lending Act). Doing so in this instance, we find in the Equal Employment Opportunity Act, 42 U.S.C. §§ 2000e-2 ("EEOA"), an appropriate model, and cases interpreting that statute instructive. The EEOA seeks to prohibit discrimination in the employment arena much as does the ECOA in the realm of credit decisions. Indeed, the two statutes use nearly identical language in seeking to achieve their purposes. We therefore approve the district court's decision to follow the lead of other circuits and analyze the ECOA as we have analyzed the parallel provisions of the EEOA. *See Bhandari v. First Nat'l Bank of Commerce*, 808 F.2d 1082, 1100–01 (5th Cir.1987) (language of ECOA is "closely related" to that of EEOA and "was intended to be interpreted similarly"); *Williams v. First Fed. Sav. & Loan Ass'n*, 554 F.Supp. 447, 448–49 (N.D.N.Y.1981) ("protections afforded by the ECOA should be applied in the same manner as those created by" the EEOA), *aff'd*, 697 F.2d 302 (2d Cir.1982).

Applying the settled law regarding discrimination in employment to Mercado's claim of age discrimination in the Bank's credit decisions, it is apparent that Mercado bore the burden of pleading a prima facie case of age discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *Olivera v. Nestle Puerto Rico, Inc.*, 922 F.2d 43, 46–47 (1st Cir.1990). Assuming *arguendo* that he succeeded in doing so, the burden then shifted to the Bank "to articulate some legitimate, nondiscriminatory reason" for the actions of which Mercado complains. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. ▮ We think the Bank carried this burden. The Bank explained that the can-

celled VISA card was a special employee credit card, to which Mercado was no longer entitled after his termination. A new non-employee VISA card was made available to Mercado just two weeks after cancellation of the employee card. Similarly, the called loan had been offered to Mercado on favorable terms, as a special benefit incident to his employment by the Bank. Mercado, the Bank argued, could not reasonably expect to continue to be afforded the preferential treatment reserved for Bank employees once he was one no longer. Furthermore, it appears that Mercado had, upon learning that his discharge was imminent, run up substantial checking account overdrafts and withdrawn large amounts of cash through his employee VISA card, suggesting that he might be a credit risk.

The Bank having come forward with apparently legitimate, nondiscriminatory reasons for its actions, Mercado, in order to defeat the Bank's motion for summary judgment, was required to offer evidence sufficient to demonstrate by a preponderance that these reasons were in reality a pretext for age discrimination. *Id.; Olivera*, 922 F.2d at 47–48. This he was unable to do. Mercado failed to plead any verifiable facts showing that the Bank's credit decisions were based on his age. While he recited alleged incidents of age discrimination by the Bank against himself and others, he did not present any facts showing such discrimination in the calling of his loan and the temporary invalidation of his VISA card. Conclusory assertions or mere allegations, in lieu of documented facts, cannot withstand a summary judgment motion. *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir.1991).

Mercado's showing raised no genuine issue as to whether the Bank's articulated reasons for limiting his credit were merely pretextual. The district court therefore correctly granted summary judgment against Mercado on this claim. *See Ramos v. Roche Products, Inc.*, 936 F.2d 43, 47 (1st Cir.) (where there is no direct evidence that unlawful discrimination was a motivating factor in employer's decision, defendant need only articulate a plausible nondiscrim-

inatory reason therefor to meet its burden in showing the absence of discriminatory intent), *cert. denied,* —— U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991); *Villanueva v. Wellesley College,* 930 F.2d 124, 127–28 (1st Cir.) (plaintiff must introduce evidence sufficient to raise a reasonable inference of discriminatory intent to defeat summary judgment), *cert. denied,* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991).

## III

■ Mercado next attempts to establish that the Bank breached his loan agreement by calling his loan prematurely.[3] His task is complicated by the fact that there is a written document evidencing the loan agreement—a promissory note signed by Mercado—that provides that the loan is due on demand. In the district court, Mercado sought to introduce parol evidence to show an oral agreement that the loan term was in fact five years. The Bank, perhaps contrary to its interest, responded by presenting extrinsic evidence that the loan was for a one year term.

In any event, we are convinced that the demand note is conclusive of this issue. The extrinsic evidence presented by the parties is of no relevance because Puerto Rico's parol evidence rule, P.R.Laws Ann. tit. 32, App. IV R. 69 (1983), requires us to ignore such evidence "when the agreement ... is clear and unambiguous." *Catullo v. Metzner,* 834 F.2d 1075, 1079 (1st Cir.1987). Rule 69(B) reads in pertinent part:

> When in an oral or written agreement ... all the terms and conditions constituting the true and final intention of the parties have been included, such agreement shall be deemed as complete, and therefore, there can be between the parties ... no evidence extrinsic to the contents of the same, except in the following cases:

> (1) Where a mistake or imperfection of the agreement is put in issue by the pleadings;

> (2) Where the validity of the agreement is the fact in dispute.

> This rule does not exclude other evidence of the circumstances under which the agreement was made or to which is related such as the situation of the subject matter of the instrument or that of the parties, or to establish illegality or fraud.

P.R.Laws Ann. tit. 32, App. IV R. 69(B).

Mercado does not allege in his pleadings that the demand note contained any mistakes or imperfections, and he admits signing the note. He argues, however, that his proffered evidence as to the actual term of the note constitutes "other evidence of the circumstances under which the agreement was made;" and is, as such, admissible. We do not agree. Consideration of "other evidence" is neither necessary nor permissible if it is offered to contradict a clear term of a written agreement. In this case, as to the term of the loan, the promissory note can "be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation, ... without necessitating for [its] understanding any reasoning or illustration susceptible to challenge." *Catullo,* 834 F.2d at 1079 (quoting *Heirs of Ramirez v. Superior Court,* 81 P.R.R. 347, 351 (1959)). We are therefore bound to look no further than the note itself. Its repayment provisions could hardly be clearer or less ambiguous: the loan is due upon the demand of the Bank. The plain terms of the parties' written agreement cannot be contradicted with parol evidence. The district court thus properly entered summary judgment for the Bank on this issue, since the agreement itself was conclusive as to all material questions of fact.

---

**3.** Civil claims involving a United States corporation that arise out of a banking transaction in a dependent or insular possession of the United States are placed within the original jurisdiction of the district courts by 12 U.S.C. § 632. Puerto Rico is a dependent possession for purposes of this statute. *Conjugal Soc'y Composed of Juvenal Rosa v. Chicago Title Ins. Co.,* 646 F.2d 688, 689 (1st Cir.1981) (per curiam).

## IV

▮ Mercado contends that the district court erred in granting summary judgment against him on his COBRA claim. Under the COBRA amendments to ERISA, a plan participant or beneficiary must, on leaving his employer, be advised by the plan administrator that he may continue his ERISA health and life insurance coverage if he is willing to assume the payments. 29 U.S.C. § 1166. Mercado alleged that the Bank failed to inform him timely of his right to elect to continue his benefits and that because of this failure he missed the deadline for electing continued insurance coverage.

The district court correctly found that Mercado raised no genuine issue of fact as to whether the Bank had caused his failure to make the necessary election. The Bank, as the ERISA plan administrator, asserted that it notified Mercado on two separate occasions of his election rights. The first notice was sent by first class mail within fourteen days of Mercado's termination in compliance with 29 U.S.C. § 1166(c). Mercado denies ever receiving the letter.[4] In any case, after Mercado complained to the Bank, the Bank sent him the relevant forms and a copy of its earlier letter by certified mail. Mercado admits that he received this letter.

Under COBRA, Mercado had sixty days from the date he received the notice conveyed by this certified letter to elect continued insurance coverage. 29 U.S.C. § 1165(1)(C)(ii). *See Communications Workers of America, Dist. One, AFL–CIO v. NYNEX Corp.*, 898 F.2d 887, 888–89 (2d Cir.1990). Mercado admits failing to make the necessary election within this time period, and does not explain how the Bank's conduct prevented him from doing so. The Bank was therefore properly granted summary judgment on this claim.

## V

Finally, Mercado asserts that the district court erred in dismissing his ADEA claim.

▮ A statutory prerequisite to a civil action alleging age discrimination in employment is the filing of a timely complaint with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d). A charge of unlawful discrimination must be filed with the EEOC within 300 days of the allegedly discriminatory act in states that have enacted employment discrimination laws, and within 180 days in states having no such laws. 29 U.S.C. §§ 626(d)(1) & (2), 633(b). *See Kale v. Combined Ins. Co.*, 861 F.2d 746, 750 (1st Cir.1988). While Puerto Rico appears to have laws of the required type, we do not here decide whether for purposes of 29 U.S.C. § 633(b) Puerto Rico is a "state" such that the 300–day limitations period applies. In this case, whichever deadline controls, Mercado failed to file a timely complaint. Mercado was terminated no later than October 13, 1988, the date he received the Bank's letter confirming his discharge. He did not file a claim with the Puerto Rico Anti–Discrimination Unit and the EEOC until November 8, 1989, well beyond the maximum limitations period on ADEA claims.

▮ Mercado nonetheless argues that equitable estoppel or equitable tolling should save his claim. We are not persuaded. "Equitable estoppel occurs where an employee is aware of his ADEA rights but does not make a timely filing due to his reasonable reliance on his employer's misleading or confusing conduct." *Kale*, 861 F.2d at 752. Mercado suggests that the Bank's offer to consider settlement, or its alleged requests that he refrain from filing an age discrimination complaint, constituted misleading conduct that adequately excuses his failure to meet the statutory deadlines. We are constrained to believe, however, that it is something less than "reasonable" for a party contemplating litigation to allow itself to miss filing deadlines in "reliance" upon such cajolery from the opposing party. *See Dillman v. Com-*

---

4. Because we decide this issue on other grounds, we need not address the widely accepted presumption that Mercado would have received the properly addressed, stamped, and mailed letter in a timely fashion. *See, e.g., Federal Ins. Co. v. Summers*, 403 F.2d 971, 975 (1st Cir.1968) (applying Massachusetts law).

*bustion Eng'g, Inc.*, 784 F.2d 57, 61 (2d Cir.1986) (employer must misrepresent the limitations period or lull the plaintiff into believing commencing litigation is not necessary); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir.1981) (defendant must have improper purpose or actual knowledge of its deceptive conduct before estoppel will toll time limitations).

"Equitable tolling ... casts a wider net." *Kale*, 861 F.2d at 752. Tolling is appropriate where a plaintiff is "excusably ignorant" of his rights. Ignorance of an ADEA filing deadline may be "excusable" where it "is caused either by misconduct of an employer or by failure of that employer to conspicuously post the informational EEOC notices required by the ADEA...." *Id.; see Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 407–08 (1st Cir.1990). Even then, however, tolling ends once "the employee receives actual notice of his statutory rights or retains an attorney." *Kale*, 861 F.2d at 752.

Here, Mercado had actual knowledge of his right to file with the EEOC during the entire period in which filing might have been sufficient to permit a later ADEA action. In his position as human resources manager, he himself had counseled the Bank in matters relating to age discrimination. In addition, he was represented by counsel from November 1988 on regarding this very suit.

We are satisfied that neither equitable tolling nor equitable estoppel is implicated on these facts. The district court therefore correctly dismissed Mercado's ADEA claim.[5]

## VI

Once the court dismissed some of the federal claims and resolved the others be-

---

[5]. Mercado further argues that the district court erred in disposing of his claimed entitlement to equitable tolling or estoppel under Federal Rule of Civil Procedure 12(b)(6). According to Mercado, the court considered evidence outside the pleadings, and thus should have treated the Bank's motion to dismiss as a motion for summary judgment. We affirm the district court's dismissal because Mercado wholly failed to plead facts showing actively misleading or de-

fore trial by summary judgment, it had the discretion also to dismiss the pendent state claims. 28 U.S.C. § 1367(c)(3). Mercado's arguments to the contrary are without merit.

*Affirmed.*

ceptive conduct by the Bank that might permit him to rely on equitable tolling or estoppel. A fortiori, Mercado failed "to make a showing sufficient to establish the existence" of facts entitling him to relief under either of these doctrines, so that summary judgment would have been granted against him in any case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).