Aurea **HERNANDEZ ARCE**, Plaintiff,

v.

**BACARDI CORPORATION; Bacardi–Martini Caribbean, Corp.; Insurance Company "A"; and Insurance Company "B", Defendants.**

**No. Civ. 98–1869(DRD).**

United States District Court,
D. Puerto Rico.

Jan. 29, 1999.

Ada E. Dominguez–Balestera, San Juan, PR, plaintiff pro se.

Jose R. Negron–Fernandez, Fiddler, Gonzalez & Rodriguez, San Juan, PR, defendant pro se.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiff has filed a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) et seq., hereinafter referred to as ADEA, the Fair Labor Standard Act of 1938, 29 U.S.C. § 217, and various state causes of action under pendent jurisdiction.[1]

Before the court is defendants' Motion to Dismiss for failure to comply with the

---

1. Causes of action were alleged under Article 1802 of the Civil Code, P.R.Laws Ann. tit. 31, § 5142 and of discrimination under the Constitution of Puerto Rico and/or for severance under local law. P.R.Laws Ann. tit. 29, § 185 et sec.

ADEA's administrative charge filing requirement, (Docket No. 5); Plaintiff's Opposition thereto, (Docket No. 8), and other related replies and surreplies, (Docket 9) and (Docket 11). After reviewing the briefs submitted by the parties, the record, and having heard the testimonies by the Plaintiff, Aurea Hernández Arce, and Dr. Fabio Lugo, an expert on psychiatry and forensic psychiatry, the Court dismisses Plaintiff's federal claims for failure to timely pursue the required administrative remedies.

■ In order to file an action for age discrimination the ADEA requires an aggrieved individual to file a charge of discrimination with the EEOC or a state deferral agency within 300 days after the alleged unlawful employment practice. 29 U.S.C. § 626(d)(2). While this requirement is not jurisdictional in nature, as a statute of limitations it is subject to waiver, estoppel, and equitable tolling. Equitable tolling is an exception and the burden for such relief rests on the party seeking it. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Crown, Cork & Seal, Co. v. Parker,* 462 U.S. 345, 349, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

In the Motion to Dismiss, the defendants aver that Plaintiff's April 3, 1997 filing of a charge of age discrimination in Puerto Rico's Antidiscrimination Unit was untimely because she was dismissed from her employment on April 17, 1996. Thus, in order to timely pursue administrative remedies, the Plaintiff had to file no later than February 11, 1997.

The Plaintiff does not contest that she was dismissed on April 17, 1996 nor that she filed her administrative charge past the 300–day period set forth in the ADEA; the court notes that these dates and actions were alleged in complaint. However, Plaintiff argues that the time limitation for filing a charge of discrimination should be tolled because she suffered mental or emotional disability.

■ A Plaintiff's allegation of mental or emotional disability does not automatically toll the ADEA charge filing period, ("there is no absolute rule that would require tolling whenever there is mental disability"). *Lopez v. Citibank, N.A.,* 808 F.2d 905, 906 (1st Cir.1987), the Court in *Lopez* stated that a "case-specific analysis" was required. There is, however, no absolute rule against equitable tolling due to incapacity. *Nunnally v. MacCausland,* 996 F.2d 1, 4 (1st Cir.1993). To successfully toll the ADEA's time limitations the Plaintiff must be "unable to protect his legal rights because of an overall inability to function in society." *Nunnally,* 996 F.2d at 5; adopting *Decrosta v. Runyon,* 1993 WL 117583 (N.D.N.Y.) The Circuit Court also suggested other standards like whether Plaintiff is "unable to manage his business" or "comprehend his legal rights," or was "unable to engage in a rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel." *Nunnally,* 996 F.2d at 5.

The court determined to hold a hearing to ascertain if Plaintiff's alleged mental incapacity raised to the required threshold level under *Lopez* and *Nunnally.* The court notes that the required level to comply with equitable tolling under an alleged mental incapacity is "rigorous." *Nunnally,* 996 F.2d at 5.[2]

---

**2.** Because the Judge determined to hold a hearing to receive evidence on the mental condition of the Plaintiff, the motion to dismiss standard, (the factual allegations contained in the averments are deemed true indulging every reasonable reference helpful to the Plaintiff's cause), *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989), is no longer applicable. The motion to dismiss under Fed.R.Civ.P. 12(b)(6) has been converted into a motion for summary judgment since the court considers the testimony of Plaintiff, the expert and the documentary evidence submitted. *Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992).

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine

■ Viewing the record in the light most favorable to the Plaintiff, Plaintiff has failed to prove facts that would allow the Court to equitably toll the time limitations imposed by the ADEA. Plaintiff was unable to prove that she could not engage in "rational thought and deliberate decision making." Although she alleges that she was severely affected by defendants' decision to terminate her, that she felt no desire to do anything, and was diagnosed with a severe mayor depression requiring outpatient hospitalization from May 17 to June 14, 1996, the record reflects that she was able to function and comprehend her legal rights and liabilities. See, *Kale v. Combined Ins. Co. Of America*, 861 F.2d 746 (1st Cir.1988) (stating that the threshold question is whether the claimant had actual or constructive knowledge of her rights and that this criteria is satisfied if the claimant is generally aware of the fact that there is a statute outlawing the conduct and providing relief therefor).

The Court finds critical Plaintiff's admissions that she received outpatient treatment for twenty-seven days; that at all times relevant to said treatment she knew that age discrimination was illegal and wrong; that the May 28, 1996 hospitalization progress note revealed that she thought about pursuing legal action, (both of which establish that Plaintiff was aware of her legal rights not satisfying at least one of the "rigorous" criteria required under *Kale*, Id. (knowledge of her substantive rights and volition to pursue the rights.)) Further, shortly after her release from treatment she sought advice from a former co-worker as to retaining an attorney. Moreover, the Plaintiff authorized the clinic to forward attorney Benny Figueroa her record and actually met with Attorney Figueroa on October 1996, well within the 300–day limit, to discuss her claim of age discrimination. In *Lopez v. Citibank, N.A.*, 808 F.2d at 907, the court denied equitable tolling because the grievant was "represented by counsel during the period of illness." Although Plaintiff was not represented by counsel during the period of illness she certainly was aware of her substantive rights during said period, spoke about retaining a lawyer during said period, later forwarded counsel her file, and even met with counsel in excess of one hundred days prior to the expiration of the time to file the complaint at the EEOC.

Dr. Fabio Lugo's expert opinion also weights heavenly in favor of denying equitable tolling. The expert's unchallenged opinion was that the Plaintiff was able to engage in rational thought and deliberate decision making. After a review of all the medical evidence and Plaintiff's deposition, the psychiatrist was unable to find supporting evidence to conclude that the Plaintiff was mentally impaired, as to the

whether a trial is actually necessary" *Vega–Rodriguez*, 110 F.3d at 175–78 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992)). A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular*, 111 F.3d 184, 187 (1st Cir. 1997). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case", *Vega–Rodriguez*, 110 F.3d at 178, and "genuine" "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry*, 111 F.3d at 187. The court must examine the facts in the light most favorable to the non-moving party. *Vega–Rodriguez*, 110 F.3d at 178. "Speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion. Moreover, even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996) (citations omitted). The court thus examines in this case the facts in the light most favorable to plaintiff.

required standard to justify tolling of the limitations period. The treatment that the Plaintiff received in the clinic, her adequate response to the treatment, her thought process, appearance, and conduct was inconsistent with a person "unable to engage in rational thought and deliberate decision making." The psychiatric evidence, even in the light most favorable to the Plaintiff, supports the Court's denial of equitable tolling.

Even if the Plaintiff's alleged mental or emotional condition while receiving treatment at the clinic prevented her from complying with the charge filing requirements, she failed to file the charge after release from hospital outpatient treatment in June 14, 1996, well before March 11, 1997.[3] Equitable tolling is not a basis for "skipping entirely over the 'initial charge'." *Kizas v. Webster*, 707 F.2d 524, 546 (D.C.Cir.1983). If the 27–day treatment had risen to the level that justified tolling, the Plaintiff had to file her charge no later than February 11, 1997. After all, the Plaintiff had sought and retained legal counsel several months before the 300–day filing period expired. This fact cannot be taken lightly by the Court when considering claims of equitable tolling for alleged mental or emotional disability. *Lopez v. Citibank, N.A.*, 808 F.2d at 907.

The standard set by *Nunnally* for equitable tolling in cases of mental or emotional disability is "rigorous" and the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Considering the principles herein stated and viewing the record in the light most favorable to the Plaintiff, she has failed to meet the "rigorous" equitable tolling threshold requiring Plaintiff to be "unable to engage in rational thought and decision making sufficient to pursue [her] claim alone or through counsel." *Nunnally*, 996 F.2d at 5.

Since the court is dismissing the federal claim early in judicial proceedings, the court dismisses without prejudice all state pendent jurisdiction claims. *Rodriguez v. Doral Mortgage*, 57 F.3d 1168, 1177 (1st Cir.1995) ("... the unfavorable disposition of Plaintiffs federal claim at the early stages of a suit well before commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claims.") See also *Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998).

Accordingly, in view of the above, defendants' motion to dismiss is **GRANTED**. Judgment to be issued accordingly.

**IT IS SO ORDERED.**

---

**3.** Plaintiff filed the EEOC charge on April 3, 1997, see Complaint, § 7.