Rafael Viera **DIAZ, et al., Plaintiffs,**

v.

**ANTILLES CONVERSION & EXPORT, INC., et al., Defendants.**

**Civil No. 98–1900(DRD).**

United States District Court, D. Puerto Rico.

Aug. 23, 1999.

Ernesto G. Lopez–Soltero, Caguas, PR, for plaintiff.

Yolanda M. Roman–Gomez, Hato Rey, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

The Plaintiffs, Rafael Viera Diaz, Myriam Gomez Rivera, and their conjugal partnership, filed this action against Defendants, Antilles Conversion & Export, Inc. ("Antilles"), Esteban Ayala ("Ayala"), and Evelio Cervantes ("Cervantes"), on August 7, 1998. (Docket No. 1). The Complaint states that "[t]his Honorable Court enjoys jurisdiction of this action

upon 29 USC Sec. 626(b); 29 USC Sec. 217; and 29 USC Sec. 216(b)." *Id.* The only violation alleged was of 29 U.S.C. § 623(a)(1). *Id.*

Defendants' Motion To Dismiss (Docket No. 3) was filed on December 16, 1998. Therein, the Defendants, argue that: (1) the claims against Co-defendants Ayala and Cervantes should be dismissed because the ADEA does not provide for the imposition of individual liability; (2) Plaintiffs' action is time-barred because Plaintiff, Rafael Viera Diaz, did not comply with ADEA's requisite to file a complaint with the Equal Employment Opportunity Commission ("EEOC"); and (3) this Court lacks subject matter jurisdiction over Plaintiffs' ADEA claims because Antilles is not "employer" with 20 or more employees during the relevant period.

### *INDIVIDUAL LIABILITY*

■ First, the Court agrees that the ADEA does not provide for the imposition of individual liability. The First Circuit Court of Appeals and the Supreme Court have yet to decide this issue of individual liability of supervisors. *See e.g. Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir. 1997) (circuit has not resolved issue and declined to address); *see also Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1995). This district, and in particular the undersigned, has followed the majority of circuits that have confronted this issue holding that no personal liability can attach to agents and supervisors under Title VII or ADEA. *See Acevedo Vargas v. Colon,* 2 F.Supp.2d 203, 206–207 (D.P.R.1998) (Title VII); *Contreras Bordallo v. Banco Bilbao Vizcaya de P.R.,* 952 F.Supp. 72 (D.P.R.1997) (Title VII); *Rodriguez v. Puerto Rico Marine Management, Inc.,* 975 F.Supp. 115, 120 (D.P.R. 1997) (ADEA). Therefore, the case

against Co-defendants Ayala and Cervantes is hereby **DISMISSED WITH PREJUDICE.**[1]

### *LIMITATIONS AND EQUITABLE TOLLING*

Second, the Court turns to the argument that Plaintiffs' action is time-barred because Plaintiff, Rafael Viera Diaz, did not file a complaint with the EEOC within 300 days of the unlawful employment practice occurred as required by the ADEA. *See* 29 U.S.C. § 626(d); *see also Hernandez Arce v. Bacardi Corp.,* 37 F.Supp.2d 112, 114 (D.P.R.1999); *Maldonado–Maldonado v. Pantasia Mfg. Corp.,* 983 F.Supp. 58, 62 (D.P.R.1997). From the Complaint Plaintiff's discharge occurred on October 31, 1997, *see* (Docket No. 1), which the Court finds to be the date when Plaintiffs' claim accrued. *See Thomas v. Eastman Kodak Co.,* 183 F.3d 38, 42 (1st Cir.1999). Therefore, Plaintiff, Rafael Viera Diaz, had to file an EEOC complaint by August 27, 1998. The only reference to any administrative filing contained in the Complaint is that "[o]n or about November, 1998, plaintiff filed a charge alleging unlawful discrimination on the basis of age against defendants." *Id.* On the face of the Complaint, even if the Court construed this reference to be an EEOC filing, Plaintiff was derelict in his duty to file within the 300 day deadline and this case must be dismissed. In fact, upon examination of Plaintiffs' opposition and taking all averments by Plaintiffs as true, the Court notes that the reference in the Complaint was actually to the filing of a wage and hour ("Normas de Trabajo") grievance with the Commonwealth of Puerto Rico's Department of Labor and Human Resources on November 24, 1997 (not November, 1998 as alleged in the Complaint). *See* (Docket No. 6, Exhs. 1 and 2).[2] More-

---

**1.** The Court also notes that no allegation of exhaustion of EEOC remedies is expressed in the Complaint as to the personal individual non-corporate defendants. Further, even in the documents presented by Plaintiffs as filed at the EEOC level the personal executives are not mentioned as party respondents.

**2.** From the documents filed by Plaintiffs, the Court ascertains that the investigating office

over, Plaintiffs "wholly failed to plead facts showing actively misleading or deceptive conduct by the [Antilles] that might permit [the Plaintiffs] to rely on equitable tolling or estoppel." *Mercado–Garcia v. Ponce Fed. Bank,* 979 F.2d 890, 896 n. 5 (1st Cir.1992). Furthermore, "[Plaintiffs] failed 'to make a showing sufficient to establish the existence' of facts entitling [them] to relief under either of these doctrines, so that summary judgment would have been granted against [Plaintiffs] in either case." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

■ At this point, the Court takes cognizance of external materials presented by both parties and in accordance with the standard set-forth in *Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992), converts the motion to dismiss into a motion for summary judgment. A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." FED.R.CIV.P. 56(c). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case," *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997), and "'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortés–Irizarry v. Corporación Insular De Seguros,* 111 F.3d 184, 187 (1st Cir.1997). The court should "'look at the record ... in the light most favorable to ... the party opposing ... the motion' ... [and] indulge all inferences favorable to the party opposing the motion." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) (quoting *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458

(1962)) (citations omitted). However, the nonmovant must "present definite, competent evidence to rebut the motion." *Mesnick v. General Electric Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). "The court may consider any material that would be admissible or usable at trial." *See* 10A CHARLES ALAN WRIGHT ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2721, at 361 (3d ed.1998). "But the court should do no more than this in reviewing the quality of the evidence. Most critically, it must never 'weigh the evidence and determine the truth of the matter....'" *Lipsett v. University of P.R.,* 864 F.2d 881, 895 (1st Cir.1988) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Furthermore, "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995) (citations omitted). "Summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

■ Plaintiff, Rafael Viera Diaz, has provided document showing that he filed with the EEOC on September 1, 1998, *see* (Docket No. 6, Exhs. 1 and 3), which is after the 300 day EEOC grievance filing deadline of August 27, 1998. In an attempt to avert the impending limitations axe, Plaintiffs assert that the prescription should be equitably tolled due to the allegation within Rafael Viera Diaz' sworn statement "[t]hat on the first week of February 1998 I visited the offices of the EEOC and was told there that they had no jurisdiction over my case." *See* (Docket No. 6, Exh. 1, para. 6).

visited by the Plaintiff, Rafael Viera Diaz, was a wage and hour complaint office of the Labor Department located in Caguas, P.R. not

the Anti Discrimination Unit, the EEOC deferral office, within the Labor Department's main building in Hato Rey, P.R.

Defendants filed a Motion To Strike Portion Of Affidavit (Docket No. 8) directed at excluding the portion of Plaintiff's, Rafael Viera Diaz, statement regarding the alleged statement by an EEOC employee that the EEOC had no jurisdiction over Plaintiff's case. *See* (Docket No. 6, Exh. 1, para. 6). Plaintiffs have not opposed said request. Defendants argue that paragraph six (6) of Plaintiff's, Rafael Viera Diaz, sworn statement constitutes hearsay and is therefore inadmissible. *See* Fed.R.Evid. 802; (Docket No. 8). Rule 56(e) requires supporting affidavits to aver to facts that are admissible in evidence. *See* Fed.R.Civ.P. 56(e); *Vazquez v. Lopez–Rosario*, 134 F.3d 28, 33 (1st Cir.1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment.") (citing Fed.R.Civ.P. 56(e); *FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1110 (1st Cir. 1986)). Defendants contend that paragraph six (6) is inadmissible hearsay and therefore summary judgment is appropriate because the record is devoid of any admissible evidence to support Plaintiffs' proffered equitable tolling exception to the statute of limitations.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Clearly, Plaintiffs have not offered paragraph six (6) of Plaintiff's, Rafael Viera Diaz, sworn statement to show that the EEOC "had no jurisdiction over [Plaintiff's] case." *See* (Docket No. 6, Exh. 1, para. 6). Rather, the statement is offered for the purpose of explaining why the Plaintiff, Rafael Viera Diaz failed to timely file an EEOC grievance. Therefore, the statement is not inadmissible hearsay. *See Kelley v. Airborne*

*Freight Corp.*, 140 F.3d 335, 346 (1st Cir. 1998); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 575 (1st Cir.1989).

█ However, this does not end the Court's inquiry. The Supreme Court has held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see also Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 184 (1st Cir.1989); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988) (ADEA subject to equitable modification). "Given that the relevant limitation period originates in a federal statute, the issue of equitable tolling is governed by federal law." [3] *Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58 n. 3 (1st Cir.1998) (citing *Weddel v. Secretary of HHS*, 100 F.3d 929, 931 (Fed.Cir.1996)). The Supreme Court has held that equitable tolling may be granted:

"[where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (citations omitted). "Equitable tolling is an exception [to the statute of limitations] and the burden for such relief rests on the party seeking it." *Hernandez Arce v. Bacardi Corp.*, 37 F.Supp.2d 112, 114 (D.P.R.1999) (citing

3. As noted in *Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58 n. 3 (1st Cir.1998), "that the result would be no different under Puerto Rico law, which 'provides for equitable tolling in a case of "damage willfully and wrongfully (dolosamente) concealed by the author of the same." ' " *Chico–Velez v. Roche Products,* *Inc.*, 139 F.3d 56, 58–59 (1st Cir.1998) (quoting *Ramirez Morales v. Rosa Viera*, 815 F.2d 2, 4 (1st Cir.1987) (quoting *Rivera Encarnacion v. E.L.A.*, 113 D.P.R. 383, 386 (1982))). "[Antilles] committed no wrongful act that contributed to the plaintiff's failure to prosecute his case in a timely manner." *Id.*

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)). "Federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases." *Chico–Velez v. Roche Products, Inc.*, 139 F.3d at 58–59 (citing *Rys v. United States Postal Serv.*, 886 F.2d 443, 446 (1st Cir.1989)); *Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir.1993) ("federal courts have 'typically extended equitable relief only sparingly.'" Id. (quoting *Irwin v. Veteran's Affairs*, 498 U.S. 89, 96, 111

S.Ct. 453, 112 L.Ed.2d 435 (1990)); *Farrell v. Bank of New Hampshire–Portsmouth*, 929 F.2d 871, 874 (1st Cir.1991); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989)). "In a nutshell, equitable tolling is reserved for exceptional cases." [4] *Id.* "Some courts permit tolling of the statute of limitations if the plaintiff knew of a harm but not of its discriminatory basis. (citation omitted). But our approach to equitable tolling is narrower; First Circuit law permits equitable tolling only where the employer has actively misled the employee." [5] *Thomas v. Eastman*

---

[4] *See Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 53–54 (1st Cir.1999) (equitable tolling simply inapplicable because no allegation that employer actively attempted to mislead employee.) *American Airlines, Inc. v. Cardoza–Rodriguez*, 133 F.3d 111, 124 (1st Cir.1998) (Employees had actual knowledge of their ADEA rights—tolling denied.); *Kelley v. NLRB*, 79 F.3d 1238, 1249–1250 (1st Cir.1996) (Error committed did not rise to level required to trigger equitable tolling.); *Nunnally v. MacCausland*, 996 F.2d 1, 6–7 (1st Cir.1993) (equitable tolling may be available for mental incompetence and record raises genuine issue of material fact thereto—remanded); *Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992) (Plaintiff had actual knowledge of right to file with EEOC and retained counsel throughout.); *Lavery v. Marsh*, 918 F.2d 1022, 1028 (1st Cir.1990) (unclear EEOC notice insufficient to justify equitable tolling, also Lavery did not rely on notice); *Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990) (record does not support a finding that Jensen was deceived nor was he oblivious to employer's motivations, therefore equitable tolling argument collapses under its own weight.) *Soto v. U.S. Postal Serv.*, 905 F.2d 537, 540–541 (1st Cir.1990) ("alleged lack of clarity in EEOC's letter did not require the district court to equitably toll the thirty-day statute of limitations."); *Rys v. U.S. Postal Serv.*, 886 F.2d 443, 447 (1st Cir.1989) (EEOC letter may be unclear but equities do not favor tolling); *Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) (not posting job openings or failure to notify of promotional opportunities not "concealment"—no tolling available); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988) (equitable tolling for "excusable ignorance" inapposite where employee has notice or retains attorney); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir.1987) (tolling

inappropriate on insanity grounds where claimant represented by counsel during illness who pursued claim before EEOC); *Earnhardt v. Commonwealth of P.R.*, 691 F.2d 69, 71–74 (1st Cir.1982) (tolling not available when employer did not explain discharge and EEOC letter was not too vague, however remanded for evidentiary hearing on employers failure to post required notices to ascertain whether employee had actual or constructive notice.); *Daughtry v. King's Dep't Stores, Inc.*, 608 F.2d 906, 907–909 (1st Cir.1979) (claimant's delay and/or failure to file with EEOC caused by either state commission's delayed resolution or commission's failure to inform plaintiff of his rights with respect to EEOC is inexcusable but neither tolls time limits).

[5] *See Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58–59 (1st Cir.1998) ("a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice."); *American Airlines, Inc. v. Cardoza–Rodriguez*, 133 F.3d 111, 124 (1st Cir.1998) ("Equitable tolling is appropriate when the plaintiff demonstrates 'excusable ignorance' of his statutory rights. Equitable tolling does not apply, however, if an employee is actually or constructively aware of his or her ADEA rights. An employee has actual knowledge of his rights if he 'learns or is told of his ADEA rights, even if he becomes only generally aware of the fact there is a statute outlawing age discrimination.'" Id. (citations omitted)); *Kelley v. NLRB*, 79 F.3d 1238, 1248 (1st Cir.1996) (equitable tolling invoked against party, such as employer or an administrative agency, for affirmative conduct); *Nunnally v. MacCausland*, 996 F.2d 1, 5 (1st Cir.1993) (equitable tolling may be available for mental incompetence); *Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992) (Tolling is appropriate for excusable ignorance caused by employer misconduct or employer

*Kodak Co.*, 183 F.3d 38, 53 (citing *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) (noting that the First Circuit's "narrow view" of equitable tolling reaches only "active deception"); *Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990)).

There is no allegation here that Antilles attempted to mislead Plaintiffs. Instead, Plaintiffs have pointed their finger at the EEOC arguing that the federal agency misled Plaintiff, Rafael Viera Diaz. The one and only piece of evidence proffered by Plaintiffs is Rafael Viera Diaz' sworn statement "[t]hat on the first week of February 1998 I visited the offices of the EEOC and was told there that they had no jurisdiction over my case." *See* (Docket No. 6, Exh. 1, para. 6). The Plaintiffs cite *Anderson v. Unisys Corp.*, 47 F.3d 302 (8th Cir.1995), to support their assertion that equitable tolling is applicable. The Court disagrees.

First, the *Anderson* court noted that "[o]ther circuits, as well as our own, have held that when an administrative agency misleads a complainant, particularly one who is **without the benefit of counsel,** equitable tolling may be justified." *Anderson v. Unisys Corp.*, 47 F.3d at 306–

307 (emphasis added). Later *Anderson* states that "[w]e are convinced that the letter Anderson received from the MDHR, like the letter Warren received from the EEOC, would easily mislead a claimant **unassisted by counsel.**" *Id.* at 307 (emphasis added).

Second, the present complaint was certified by Plaintiffs' counsel on August 4, 1998, and filed on August 7, 1998, *see* (Docket No. 1), well within the EEOC 300 day deadline. The Court finds persuasive the reasoning and the holding in *Leite v. Kennecott Copper Corp.*, 558 F.Supp. 1170, 1173–74 (D.Mass.), *aff'd without opinion,* 720 F.2d 658 (1st Cir.1983). Particularly insightful is the following:

"By contrast, the nature of the agency's second misrepresentation—that the limitations period was 'no problem' and would be 'extended' while conciliation efforts were pursued—presents a situation in which equitable tolling typically has been invoked. On the theory that a complainant is 'entitled to rely on ... seemingly authoritative statement[s] by the agency presumed to know the most about these matters,' *Page v. U.S. Indus., Inc.*, 556 F.2d 346, 351 (5th Cir.

---

failure to post EEOC notices.); *Lavery v. Marsh*, 918 F.2d 1022, 1028 (1st Cir.1990) (facts must constitute "affirmative misconduct"); *Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990) (equitable tolling requires that "the employer actively misled him and that he relied on the (mis)conduct to his detriment.") *Soto v. U.S. Postal Serv.*, 905 F.2d 537, 541 (1st Cir.1990) (requires "affirmative showing that one of the named equities existed" as stated in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984)); *Rys v. U.S. Postal Serv.*, 886 F.2d 443, 447–448 (1st Cir. 1989) (equity requires active governmental misconduct); *Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) ("exception for concealment is 'appropriate only where the employer actively misled the employee'") (citation omitted); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988) (may be a number of grounds but most commonly asserted ground for equitable tolling "excusable ignorance" caused by employer misconduct or failure to inform—until employee receives actual notice or retains at-

torney); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir.1987) (No absolute rule of tolling on mental disability grounds); *Earnhardt v. Commonwealth of P.R.*, 691 F.2d 69, 71 (1st Cir.1982) (equitable exception "appropriate only where employer actively misled the employee"); *Daughtry v. King's Dep't Stores, Inc.*, 608 F.2d 906, 908 (1st Cir.1979) (equitable tolling cases "deal with misleading action on the part of the employer or federal agency which resulted in the claimant's late filing."); *See, e.g., Johnson v. United States Postal Service*, 861 F.2d 1475, 1481 (10th Cir.1988) (Title VII limitation period will be tolled only for "active deception"); *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 108–111 & n. 12 (2d Cir.1978) (similar); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930–931 (5th Cir.1975) (employer allegedly "actively sought to mislead" by the "giving of misleading or false information [by the employer] to the victim."); *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561–1562 (11th Cir.1987) (plaintiff was "led to believe the employer [was] trying to place him in another job.").

1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978), courts have commonly modified the limitations period under such circumstances in the absence of substantial prejudice to defendant. *See, e.g., id.* (letter from EEOC erroneously informing Title VII claimant that she had ninety days from date of letter to file suit); *Lanyon v. University of Delaware,* 544 F.Supp. 1262, 1272 (D.Del.1982) (Title VII claimant misinformed by state agency about filing requirements); *Stutz v. Depository Trust Co.,* 497 F.Supp. 654 (S.D.N.Y. 1980) (same); *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643, 648–49 (D.N.H.1977) (misleading letter from Department of Labor to ADEA claimant). *Compare, e.g., Franklin v. Herbert Lehman College,* 508 F.Supp. 945, 951–52 (S.D.N.Y.1981) (despite misleading agency letter, equitable tolling in Title VII case inappropriate because of prejudice to defendant). However, the claimants in each of these cases were acting without legal counsel. As noted above, the plaintiffs here had retained an attorney some two years prior to the expiration of the limitations period—one who closely monitored the cases' progress. 'The courts have repeatedly held that equitable tolling is inappropriate when the plaintiff has consulted counsel during the statutory limitation period.' *Needham v. Beecham, Inc.,* 515 F.Supp. 460, 467 (D.Me.1981) (ADEA). *See, e.g., Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978) (per curiam) (Title VII); *Edwards v. Kaiser Alum. & Chem. Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975) (ADEA); *Sanders v. Duke Univ.,* 538 F.Supp. 1143, 1146 n. 2 (M.D.N.C.1982) (ADEA). 'Counsel are presumptively aware of whatever legal recourse may be available to their client,' *Downie v. Electric Boat Div.,* 504 F.Supp. 1082, 1087 (D.Conn.1980) (ADEA), and 'constructive knowledge' of the law's requirements is thereby imputed to an ADEA claimant. *Abbott v. Moore Business Forms, Inc.,* 439

F.Supp. at 646. In the present case, therefore, equitable modification of the limitations period would be inappropriate notwithstanding the apparent absence of prejudice to defendant."

*Leite v. Kennecott Copper Corp.,* 558 F.Supp. at 1173–74; *see also Hernandez Arce v. Bacardi Corp.,* 37 F.Supp.2d 112. In *Hernandez Arce v. Bacardi Corp.,* this Court declined to grant equitable tolling because the plaintiff had counsel that could have counseled a timely filing at the EEOC. Likewise, in the instant case Plaintiffs had counsel **before** the expiration of the deadline to file at the EEOC.

▆▆▆▆ Further, "[e]quitable tolling ... is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands.' " *Kelley v. NLRB,* 79 F.3d 1238, 1248 (1st Cir.1996) (quoting *Heideman v. PFL, Inc.,* 904 F.2d 1262, 1266 (8th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991)). "Courts generally weigh five factors in assessing claims for equitable tolling: '(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.' " *Id.* (quoting *Kale v. Combined Ins. Co. of Am.,* 861 F.2d 746, 752–753 (1st Cir.1988) (citing cases)); *see also Kale,* 861 F.2d at 753 (absence of prejudice factor is not an independent basis for invoking equitable tolling, but should apply only after another factor is identified that might justify tolling.) (quoting *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam)).

▆▆▆▆ "In a nutshell, equitable tolling is reserved for exceptional cases and the record before us simply lacks the ingredients necessary to warrant invocation of the doctrine." *Chico–Velez v. Roche Products,*

*Inc.,* 139 F.3d 56, 59 (1st Cir.1998). "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982). The Court need go no further.

Wherefore, Defendants' motion to dismiss, which the Court converted to a motion for summary judgment is hereby **GRANTED** and this case is **DISMISSED** as to all Defendants. Judgment shall be entered accordingly.

IT IS SO ORDERED.