**Angel L. DE JESUS–SERRANO, et al., Plaintiffs**

**v.**

**SANA INVESTMENT MORTGAGE BANKERS, INC., et al., Defendants.**

**Civil No. 06–1311 (FAB).**

United States District Court, D. Puerto Rico.

June 22, 2007.

---

Erick Morales–Perez, Erick Morales Law Office, Carolina, PR, for Plaintiffs.

Nestor Mendez–Gomez, Carlos C. Alsina–Batista, Pietrantoni Mendez & Alvarez, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Before the Court is defendants Sana Investment Mortgage Bankers, Inc. ("Sana"), and Doral Financial Corporation's ("Doral Financial") (collectively, "defendants") motion for summary judgment (Docket No. 38), and plaintiffs' opposition (Docket No. 63). For the reasons discussed below, the Court **GRANTS** defendants' motion for summary judgment.

---

1. For a complete exposition of the facts of this case, see the Court's Opinion and Order of

## DISCUSSION[1]

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trialworthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested

March 25, 2007 (Docket No. 59).

facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

### B. *Defendants' Motion for Summary Judgment*

In its Opinion and Order of March 25, 2007 (Docket No. 59), the Court dismissed all but one of plaintiffs' claims, the claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f. Thus, the Court need only address the ECOA claims now.

"The ECOA prohibits discrimination, 'with respect to any aspect of a credit transaction[,] on the basis of race, color, religion, national origin, sex or marital sta-

tus, or age.' " *Rosa v. Park West Bank & Trust,* 214 F.3d 213, 215 (1st Cir.2000) (quoting 15 U.S.C. § 1691(a)). "In interpreting the ECOA, this court looks to Title VII case law, that is, to federal employment discrimination law." *Id.*

■ In order to establish a *prima facie* case of discrimination under ECOA, a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he applied for and was qualified for an extension of credit; (3) that despite his qualifications he was rejected; and (4) that others of similar credit stature were extended credit or were given more favorable treatment than plaintiff. *See Mercado Garcia v. Ponce Federal Bank F.S.B.,* 779 F.Supp. 620, 628 (1991). If plaintiff succeeds in establishing a *prima facie* case, then the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the rejection. *See Mercado–Garcia v. Ponce Federal Bank,* 979 F.2d 890, 893 (1st Cir.1992).

The basis for plaintiffs' claim in this case is that in mid–2004 they went to Sana's Caguas branch to discuss the possibility of refinancing certain mortgage loans they had previously obtained from Sana. In the previous five years, plaintiffs had obtained five loans from the defendants totaling $409,000. Plaintiffs allege that Lymarie Torres ("Torres"), the manager of Sana's Caguas branch who had handled their previous loans, told them that they should sell their properties and buy a "shack" and a "$90 or $100 refrigerator." Plaintiffs felt the comment was derogatory and left without asking for or submitting a loan application.[2]

■ With these facts, the Court finds that plaintiffs cannot establish a *prima facie* case of discrimination under ECOA. Plaintiffs meet the first prong because the

---

2. These facts are uncontroverted.

are members of a protected class because of their age. They cannot establish, however, that they applied for and were qualified for a loan and that it was rejected. Because they never actually applied for the loan, the bank never took an adverse action. At most, plaintiffs could argue that they were discouraged from applying for a loan by Torres's comments. Nevertheless, they cannot establish that the comment was due to age-based discriminatory animus.

In fact, the record shows that defendants had given plaintiffs five loans in the previous five years; two of them only six months before. Because the bank had recently given them other loans despite of their age, any argument that their age was a factor in the discouraging comments seems completely devoid of serious merit. Furthermore, there is deposition testimony on the record that at the time plaintiffs went to Sana's Caguas branch, they were having difficulties meeting their financial obligations, which would indicate that they may not have been qualified for a new loan. (*See* Docket No. 39, Exh. 1, Bates No. 77–77A).

Therefore, plaintiffs fail to establish a *prima facie* case of discrimination under ECOA and the claim must be dismissed.

Plaintiffs raised for the first time in their opposition to the motion for summary judgment an additional legal theory that defendants engaged in reverse redlining in violation of ECOA. Reverse redlining occurs when a lender unlawfully discriminates by extending credit to a class of people on terms less favorable than it would have extended to those outside the particular class. *See Matthews v. New Century Mortg. Corp.*, 185 F.Supp.2d 874, 886 (S.D.Ohio 2002). A plaintiff could establish a cause of action under ECOA under the theory of reverse redlining if he can establish that he was given credit under less favorable terms because of his membership in a certain class.

Even if the Court were to allow the plaintiffs to raise a new legal theory this late in the game, the Court finds that they cannot establish a case of reverse redlining because they failed to show that they received less favorable terms because of their age. To show less favorable terms, plaintiffs argue that defendants constituted liens on both their properties without their knowledge because they were elderly. This argument is insufficient because plaintiffs can offer no plausible connection between the liens on both properties, instead of just the one they were purchasing, and their age. Plaintiffs have not alleged, much less established, that younger loan applicants would have received more favorable terms, assuming, that is, that placing a lien on both properties was part of the loan terms. Therefore, plaintiffs' belated reverse redlining theory is without merit.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for summary judgment. Plaintiffs' ECOA claims are dismissed **with prejudice.** Judgment shall enter accordingly dismissing this case in its entirety.

IT IS SO ORDERED.