**Zdzislaw B. KWIATKOWSKI,**
**Plaintiff–Appellant,**

v.

**J.P. MORGAN CHASE & CO.,**
**Citibank, N.A., Defendants–**
**Appellees.**

**Docket No. 03–7868 CV.**

United States Court of Appeals,
Second Circuit.

May 21, 2004.

Zdzislaw B. Kwiatkowski, Brooklyn, New York, for Appellant, pro se.

Lisa Swanson (Jill L. Rosenberg, on the brief), Orrick, Herrington & Sutcliffe, LLP, New York, New York, for Defendant–Appellee J.P. Morgan Chase & Co.

Ronald M. Neumann (David B. Chenkin, on the brief), Zeichner, Ellman & Krause, LLP, New York, New York, for Defendant–Appellee Citibank, N.A.

---

PRESENT: MINER, KATZMANN, Circuit Judges, TSOUCALAS, Judge.*

SUMMARY ORDER

Appellant Zdzislaw B. Kwiatkowski appeals from the judgment entered in the United States District Court for the Eastern District of New York (Gleeson, J.), granting Appellees' motions for summary judgment and dismissing his amended complaint, which alleged claims of discrimination based on national origin in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews de novo a district court's grant of summary judgment, focusing on whether the district court properly concluded that there were no genuine issues of material fact and that the movant was entitled to judgment as a matter of law. See *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003).

The district court analyzed Kwiatkowski's claim of intentional discrimination under the Equal Credit Opportunity Act in the same manner as discrimination claims brought under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, concluding that Kwiatkowski had not established a *prima facie* case because he failed to show that he was qualified for the $550,000 loans based on the Small Business Administration's and the Appellees' lending criteria. Although the parties do not argue that resort to Title VII's burden-shifting methodology is improper, this Court has not yet reached the question of whether that methodology applies to credit discrimination cases. Compare *Mercado–Garcia v.*

---

* The Honorable Nicholas Tsoucalas, Judge, United States Court of International Trade, sitting by designation.

*Ponce Fed. Bank,* 979 F.2d 890, 893 (1st Cir.1992) (applying Title VII's burden shifting methodology to credit discrimination claims) with *Latimore v. Citibank Fed. Sav. Bank,* 151 F.3d 712, 714 (7th Cir.1998) (rejecting the "wholesale transposition" of the burden-shifting methodology to credit discrimination claims, while explaining that "[t]here is no question that to be a qualified borrower-the counterpart to a worker who is performing to his employer's satisfaction in the employment discrimination context ...—the plaintiff has to meet the lender's requirements for collateral as well as to establish personal creditworthiness"). Because the district court correctly found that Kwiatkowski was not qualified for the requested loans, and as this issue is determinative to a claim of intentional discrimination under the Equal Credit Opportunity Act, we affirm the judgment of the district court without reaching the question of whether we should apply Title VII's burden-shifting methodology or the standard enunciated by the Seventh Circuit in Latimore to credit discrimination case. See *Boy Scouts of Am. v. Wyman,* 335 F.3d 80, 90 (2d Cir.2003) (finding that the judgment of the district court may be affirmed on any ground supported by the record even if the district court decided the case on a different basis).

We have carefully considered all of Kwiatkowski's arguments and find them to be without merit.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**