Zdzislaw B. KWIATKOWSKI,
Plaintiff–Appellant,

v.

J.P. MORGAN CHASE & CO.,
Defendant–Appellee.

Docket No. 03–7877.

United States Court of Appeals,
Second Circuit.

Nov. 19, 2004.

Zdzislaw B. Kwiatkowski, Brooklyn, NY, for Plaintiff–Appellant, pro se.

Lisa Swanson, Orrick, Herrington & Sutcliff LLP, New York, NY, for Defendant–Appellee.

Present: NEWMAN, MCLAUGHLIN, and POOLER, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Zdzislaw Kwiatkowski appeals from a summary judgment order of the district court dismissing all of his claims. We assume the parties' famil-

iarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

This court reviews the district court's decision to grant summary judgment *de novo*. *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 152 (2d Cir.2000). In making our determination we must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Kwiatkowski claims that his employer discriminated against him based on age and national origin by not hiring him for several permanent job positions and terminating his services as a temporary employee because he was over forty years of age and born in Poland. This court's review of both of Kwiatkowski's discrimination claims follows the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *James*, 233 F.3d at 153–54 (applying *McDonnell Douglas* to age discrimination claim). Upon reviewing the record, we agree with the district court that Kwiatkowski would not prevail under *McDonnell Douglas* even if he established a prima facie case of discrimination. The employer satisfactorily presented a nondiscriminatory reason for its employment action and Kwiatkowski did not subsequently carry his burden of presenting evidence from which the fact finder could reasonably find that the employer's reasons were a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir.2004). Thus, summary judgment dismissing these claims was appropriate.

Upon reviewing the record, we affirm the district court's decision not to consider Kwiatkowski's equal protection claim because of lack of timeliness and merit. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir.2001). The district court's dismissal of Kwiatkowski's claim for additional discovery under Fed.R.Civ.P. 56(f) was proper.

We therefore affirm the judgment of the district court.