12-150-cv
Kwiatkowski v. Polish & Slavic Federal Credit Union

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand thirteen.

PRESENT:
> Raymond J. Lohier, Jr.,
> Susan L. Carney,
> > *Circuit Judges*,
> J. Paul Oetken,[*]
> > *District Judge.*

_____

Zdzislaw B. Kwiatkowski,

> *Plaintiff-Appellant*,

v.                                                                                          12-150-cv

Polish & Slavic Federal Credit Union, Board of Directors, of the Polish & Slavic Federal Credit Union,

> *Defendants-Appellees*.

_____

---

[*]The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:            Zdzislaw B. Kwiatkowski, *pro se*,
                                    Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:           Eileen M. Burger and Mitchell B.
                                    Pollack, Mitchell B. Pollack &
                                    Associates, PLLC, Tarrytown, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Zdzislaw Kwiatkowski, pro se, appeals from the District Court's judgment dismissing the complaint.   Kwiatkowski also challenges the various denials of his motions to recuse the District Judge.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

A.     Dismissal of the Complaint

1.     Standard of Review

We review de novo the District Court's dismissal of a complaint pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.   See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).   Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it."   Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).   We accept the allegations in Kwiatkowski's complaint as true, id., and we

2

interpret the complaint "liberally," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474-75 (2d Cir. 2006).

          2.    <u>Abandonment of Claims</u>

Kwiatkowski has abandoned all but four of his claims by failing to raise them sufficiently in his opening brief on appeal.[1]  Although Kwiatkowski is proceeding <u>pro</u> <u>se</u> and "<u>pro</u> <u>se</u> litigants are afforded some latitude in meeting the rules governing litigation . . . we need not, and normally will not, decide issues that a party fails to raise in his . . . appellate brief."  <u>Moates v. Barkley</u>, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Because Kwiatkowski has brought prior <u>pro</u> <u>se</u> appeals in this Court, <u>see</u> <u>Kwiatkowski v. J.P. Morgan Chase & Co.</u>, 112 F. App'x 797 (2d Cir. 2004), <u>Kwiatkowski v. J.P. Morgan Chase & Co.</u>, 96 F. App'x 789 (2d Cir. 2004), we hold him to a basic understanding of the requirements of Federal Rule of Appellate Procedure Rule 28(a).  <u>See</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 103 (2d Cir. 2010) (solicitude afforded a <u>pro</u> <u>se</u> plaintiff "may be lessened where the particular . . . litigant is experienced in litigation and familiar with the procedural setting presented").

Kwiatkowski has not abandoned challenges to the District Court's dismissal of the following four claims:   (1) discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*; (2) patent infringement in violation of 35 U.S.C. § 271(b); (3) use of illegal lending standards pursuant to 13 C.F.R. § 120.150(h) and 12

---

[1] Although Kwiatkowski discusses his "securities fraud claims" in his reply brief, those claims are abandoned because he failed to raise them in his opening brief.   <u>See</u> <u>JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.</u>, 412 F.3d 418, 428 (2d Cir. 2005).

C.F.R. § 528.9(b); and (4) enslavement and/or conspiracy to enslave in violation of 42 U.S.C. § 1994.

3. Merits

We have considered these four remaining claims and affirm the judgment of the District Court for substantially the same reasons set forth in the District Court's December 12, 2011 order.

First, with respect to Kwiatkowski's ECOA claim, the allegations in the complaint do not plausibly suggest a discriminatory purpose, especially given the "more likely" lawful explanations that the Defendant-Appellee Polish & Slavic Federal Credit Union ("PSFCU") proffered for its actions. Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). Indeed, even the materials attached to Kwiatkowski's complaint suggest that prior to filing his complaint, Kwiatkowski viewed PSFCU's denial of his loan applications as based on the merits of his application and PSFCU's policies, rather than his national origin. Second, with respect to Kwiatkowski's patent infringement claim, the allegations in the complaint do not plausibly suggest that the Appellees intended to induce patent infringement or directly infringed his patent. Third, even if a private right of action existed pursuant to 13 C.F.R. § 120.150(h) and 12 C.F.R. § 528.9(b) – an issue we need not address – Kwiatkowski's claims under those regulations are legally insufficient. Fourth, the District Court properly dismissed Kwiatkowski's enslavement and/or enslavement conspiracy claim(s) as implausible. As Appellees point out, there are no facts alleged in

the complaint that indicate that Appellees compelled Kwiatkowski to work or held him in a state of involuntary servitude or peonage.

B.    Recusal of District Judge

Kwiatkowski has not specifically appealed the District Judge's denials of his motions for recusal, but he discusses these motions on appeal and challenges the District Judge's impartiality.   Reviewing the denial of the recusal motions for abuse of discretion, see United States v. Diaz, 176 F.3d 52, 112 (2d Cir. 1999), we conclude that the District Judge acted within his discretion.   The motions rested primarily on the District Judge's prior rulings against Kwiatkowski.   See Gallop v. Cheney, 645 F.3d 519, 520 (2d Cir. 2011) (per curiam) ("Prior rulings are, ordinarily, not a basis for disqualification."). Moreover, Kwiatkowski has presented no record evidence indicating that the District Judge was partial or biased in the relevant prior proceedings.   Nor does the fact that Kwiatkowski filed a complaint about the District Judge constitute grounds for recusal. See United States v. Martin-Trigona, 759 F.2d 1017, 1020-21 (2d Cir. 1985).

We have considered Kwiatkowski's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk